Alameda LIGHTFOOT, Plaintiff,

v.

F. David MATHEWS, Secretary of Health Education, and Welfare, Defendant.

No. C–76–2113 SC.

United States District Court,
N. D. California.

April 15, 1977.

William E. Growney, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., William T. McGivern, Jr., Asst. U. S. Atty., San Francisco, Cal., for defendant.

## ORDER

CONTI, District Judge.

Plaintiff Lightfoot seeks review of a decision of the Secretary of Health, Education and Welfare denying her claim for disability benefits. The only issue is whether there is substantial evidence to support the Secretary's findings. 42 U.S.C. § 405(g).

Subsequent to a rear-end automobile accident, plaintiff became unable to work at her usual occupation as a home health aide because of pain in her low back, neck and right arm. Medical testimony was conflicting, ranging from "no significant impairment" to "total disability." The administrative law judge found that Mrs. Lightfoot "retains the residual functional capacity to engage in a wide variety of light and sedentary jobs, which are generally known to exist, and which are available in significant numbers in the national economy as well as several regions of the country." There is no evidence in the record indicating specifically what sorts of "light and sedentary jobs" Mrs. Lightfoot is able to perform, nor any evidence that these jobs do, in fact, exist in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A).

To circumvent this lack of evidence, the Government maintains that the Secretary may take administrative notice that "light" jobs exist in significant numbers, and that such conclusions as are within the common knowledge and experience of ordinary men require no substantiation by a vocational expert. See, e. g., Chavies v. Finch, 443 F.2d 356 (9th Cir. 1971); McLamore v. Weinberger, 538 F.2d 572 (4th Cir. 1976).

The court is unable to agree. It might agree "to the extent that once evidence of capacity to do specific jobs is put forward and the jobs named are commonly known to 'exist in the national economy' it is permissible for the Secretary to take notice of this fact," but the Secretary has not made the necessary preliminary showing of capacity to perform specific work. Nor is it clear to the court that jobs such as plaintiff might perform are commonly known to exist in the national economy. See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Colwell v. Gardner, 386 F.2d 56, 69 (6th Cir. 1967); cf. Walker v. Mathews, 546 F.2d 814 (9th Cir. 1976).

A finding of capacity to do "light work" will not do. Plaintiff's capacity to perform work must be assessed in terms of her own particular pattern of ailments and abilities, including, age, education, work experience and impairments. This requires a finding of capacity to work which is expressed in terms of specific kinds of jobs, and not simply in terms of catch-all categories susceptible to subjective construction. The court may have an idea of what it considers to be "light work," but it has no idea as to whether the Secretary shares the same conception, and even less does it have an ability to match against so vague a finding the evidence adduced in the record.

More fundamental than the inherent vagueness of the Secretary's conclusion is his failure to bear his burden of proof. Where the plaintiff shows inability to return to her former work, the Secretary

must assume the burden of coming forward with evidence as to the skills of the particular claimant and the availability of specific jobs which correspond with those skills. *Hernandez v. Weinberger, supra.*

 This placement of the burden of proof on the Secretary is of paramount importance. It is intended to effect Congress' purpose that claimants should benefit where proof is not clear that a claim should be disallowed, and to establish on procedural foundations the intention of Congress that doubts are to be resolved in favor of coverage. *See, e. g., Hicks v. Gardner*, 393 F.2d 299, 301 (4th Cir. 1968); *Boyd v. Gardner*, 377 F.2d 718, 721 (4th Cir. 1967); *Rasmussen v. Gardner*, 374 F.2d 589 (10th Cir. 1967). It is a burden not imposed for mere considerations of form, but to accomplish a specific humane purpose.

Were the Secretary permitted to rely upon "administrative notice" to establish that a claimant can perform certain work and that such work exists, then the burden on the Secretary would be lightened significantly, for then he need prove less. In such cases, the mere existence of testimony in disagreement with the plaintiff's medical claims generally will be sufficient to require the court to grant summary judgment for the Secretary. Such disagreement will always be found. Applications for disability benefits, presumably, never are denied where all medical examiners agree; it is only when medical testimony conflicts that a case such as this comes before the court. Therefore, to allow the Secretary to prove his case by administrative notice of key particulars is to rubber-stamp his determination, and to make a sham of a claimant's right of review.

 The court is not interested in reweighing the Secretary's findings of fact, nor in extending benefits to persons not qualified to receive them, nor in placing artificial obstacles in the way of just and speedy adjudication of claims. But the court is concerned with ensuring that coverage is liberally extended in keeping with the broad remedial purposes of the Social Security Act. To this end, it must require that the Secretary *prove* each element indicative of lack of coverage.

The court is aware of the decision of the Court of Appeals for the Ninth Circuit in *Chavies v. Finch, supra.* But two considerations lead the court to regard *Chavies* as inapplicable to the facts here.

First, the Court of Appeals' statement that the Secretary would be permitted to take administrative notice that light work exists in the national economy is dictum, as there is nothing in the *Chavies* opinion to indicate that the Secretary did, in fact, take administrative notice of anything.

Second, the *Chavies* case is distinguishable from the case at bar in that the Secretary had the advantage of having before him testimony of a vocational expert that certain named jobs could be performed by the claimant. The total absence of such evidence or any other evidence establishing what specific kinds of jobs plaintiff can perform is a critical defect.

More to the point is *Garrett v. Richardson*, 471 F.2d 598 (8th Cir. 1972). There, after analyzing the burden of proof incumbent upon the Secretary, the court concluded:

While the burden is upon the claimant to establish his disability, once medical reports have been introduced substantiating a medical impairment, and the claimant having testified that he is unable to work, it would be beyond the realm of reason to further require a claimant [of limited means and education] to produce a vocational counselor to testify that there are no jobs in the national economy which he can perform. The burden of producing such a person must rest with hearing examiner and in the absence of substantial evidence from other sources . . ., the testimony of a vocational counselor is essential for the affirmance of an examiner's findings.

*Id.* at 603–04; *cf. McLamore v. Weinberger, supra.* The court declined to "pass the buck" to the hearing examiner, in effect, by "[r]elying on the shield of the substantial evidence rule" to uphold decisions based on

incomplete findings, the application of incorrect standards, and little or no evidence. *See Hernandez v. Weinberger, supra; Floyd v. Finch*, 441 F.2d 73, 77 (6th Cir. 1971) (dissent).

A denial of disability benefits should not be made lightly, and this court will not accept findings based on such weak support as put forward in this case. The decision of the Secretary of Health, Education and Welfare is reversed, and the case is remanded to the Secretary for further taking of testimony and reconsideration of his findings in the light of that evidence.