Earl T. ALLEN, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C–81–1210 SC.

United States District Court, N. D. California.

Sept. 10, 1981.

Reconsideration Denied Nov. 13, 1981.

R. Terrence LaPorte, San Jose, Cal., for plaintiff.

G. William Hunter, U. S. Atty., Stephen Shefler, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiff Earl T. Allen seeks judicial review of the final decision of the Secretary of Health and Human Services (the "Secretary") granting his claim for disability benefits for a limited period only. The Secretary ruled that plaintiff was eligible to receive such benefits for a period of approximately two years, but that he was capable of engaging in sedentary work after that period and was not disabled. The primary question before the court is whether or not the findings of the Secretary are supported by substantial evidence. *See, e. g., Chavies v. Finch*, 443 F.2d 356, 357 (9th Cir. 1971); *Steimer v. Gardner*, 395 F.2d 197 (9th Cir. 1968).

In March 1976, plaintiff injured his neck and lower back while attempting to lift a heavy object at work. His injuries were aggravated five months later when he was involved in an automobile accident. These injuries led to frequent hospital stays over the course of the next two years, as plaintiff underwent physical therapy, traction, and a series of operations. During this same period, plaintiff experienced psychiatric problems as well, and sought therapy on at least two occasions.

An Administrative Law Judge ("ALJ"), whose findings were ultimately adopted by the Secretary, conducted a hearing concerning plaintiff's claims and concluded that his injuries ceased to be disabling near the end of the two year period, noting that plaintiff was not hospitalized for eighteen months after the passing of the two year period, that he had worked two hours a day performing simple assembly line tasks for six of those months, and that he had returned to work full-time for about six weeks until he reinjured his neck in another on-the-job accident in March 1980. Applying the grids found in 20 C.F.R. 404.1598, Appendix 2, (the "grids"), the Secretary determined that plaintiff was not disabled within the meaning of the Social Security Act at any time after the initial two year period. His conclusions were based on the ALJ's findings that plaintiff was capable of sedentary work. There was no testimony at the hearing or in the record by a vocational expert. The grids supplied the only data that there existed jobs in the economy that were available to plaintiff.

The Secretary conceded that plaintiff could not return to his former work or perform other forms of light or medium work. Seizing upon this finding, plaintiff challenges the Secretary's conclusion that he is capable of sedentary work and not disabled, arguing that the Secretary failed to prove that plaintiff could engage in substantial gainful work available in the national economy.

The burden of proving disability is placed initially on the claimant. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). However, once a claimant establishes that he is no longer capable of engaging in his prior occupation because of a physical or mental impairment, as plaintiff did in this case, the burden of proof shifts to the Secretary, who must establish that "the claimant can engage in some other type of 'substantial gainful work which exists in the national economy.'" *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1375 (9th Cir. 1979). Plaintiff maintains that the use of the grids found in 20 C.F.R. 404.1598 does not satisfy the Secretary's burden of proof absent additional testimony by a vocational expert or some further evidence that the Secretary took into account the specific nature of a claimant's impairments in deciding that there was actually work available in the economy. We agree.

Several years ago, this court in *Lightfoot v. Mathews*, 430 F.Supp. 620, 621 (N.D.Cal. 1977) held that the Secretary's conclusion that a claimant could engage in a certain level of work did not satisfy the Secretary's burden. The court stated that a claimant's capacity to work "must be assessed in terms of age, education, work experience and impairments," and that "[t]his requires a finding of capacity to work which is expressed in terms of specific kinds of jobs ... not simply in terms of catch-all categories ...." *Id.* The introduction of the grids represents an important step in this direction, but it also presents the danger that the catch-all categories condemned in *Lightfoot v. Mathews, supra*, will merely be refined. Once again, those broad categories threaten to make judicial review a hollow gesture. *Id.*, 430 F.Supp. at 622.

The grids in question do take into account a claimant's age, education, fluency in English, ability to do work at a certain level of exertion, and former work experience. They were developed to indicate whether an individual with a given set of characteristics within those categories could engage in any substantial gainful activity that exists in the national economy. They do not, however, specifically address the individual impairments of a claimant. Use of the grids without more can result in claimants with vastly different mechanical and analytical abilities, all of whom are determined to be capable of work of the same level, being informed that jobs exist for them in the national economy without any effort being made to identify those jobs or to specify the type of job within the appropriate category that would be suitable for them on an individual basis. For example, there are many forms of sedentary employment. Surely some are more suited to a particular claimant than others, because of the nature of his impairment and the extent of his abilities, but no differentiation is made. Reliance is still placed on catch-all categories. Use of the grids, without more, is not enough to satisfy the Secretary's burden.

In *Hall v. Secretary of Health and Human Services, supra*, 602 F.2d 1372, the Ninth Circuit addressed this issue prior to the Secretary's adoption of the grids. The court stated that the Secretary must "come forward with specific findings showing that the claimant has the physical and mental capacity to perform *specified jobs*, absent other reliable evidence of the claimant's ability to engage in other occupations ..." (emphasis added), and that "the better method to demonstrate this is through testimony of a vocational expert." 602 F.2d at 1377. The court added, however, that there is no per se rule that a vocational expert be used, so long as the facts concerning the availability of work are adequately developed. *Id.*

The government argues that the dictates of *Hall* have been satisfied because the Secretary's amended regulations and use of the grids amount to administrative notice of the existence of jobs within certain exertional levels, thus rendering the testimony of a vocational expert unnecessary. While there is support for this contention, *see, Simonsen v. Secretary of Health and Human Services*, 512 F.Supp. 1064 (S.D.Cal. 1981) (use of grids supplies the "reliable evidence" mandated by *Hall*; no further testimony needed), the court shares the concern expressed in *Maurer v. Harris*, 502 F.Supp. 320, 322 (D.Or.1980), and *Phillips v. Harris*, 488 F.Supp. 1161, 1166 (W.D.Va. 1980) that the Secretary is tending to disregard specific facts in individual cases while overemphasizing mechanical formulations. These concerns echo those voiced in *Hall*.

As in *Hall*, this court is of the view that the Secretary must find that the claimant has the ability to perform *specified jobs*, based on the testimony of a vocational expert or other reliable evidence before it can be said that the claimant is not disabled, and the testimony of a vocational expert is preferred. *Hall v. Secretary of Health and Human Services, supra*, 602 F.2d at 1377. A determination that a claimant can perform sedentary work and that such work exists in the national economy, based only upon the application of the grids, does not meet the Secretary's burden in this regard. Use of the grids causes too little attention to be paid to the individual nature of a

claimant's impairments and to the task of determining precisely what jobs may be available for that claimant.

### Conclusion

As it is not the court's role to try plaintiff's case *de novo*, but rather to review the final decision of the Secretary, it is appropriate to remand this case for further consideration and the receipt of evidence concerning plaintiff's ability to engage in substantial gainful employment. In accordance with the foregoing, it is hereby ordered that defendant's motion for summary judgment is denied, that plaintiff's motion for summary judgment is granted, and the case is remanded to the Secretary for reconsideration.