Lawrence O. PERRY, Plaintiff-Appellee,

v.

Margaret HECKLER,* Secretary of Health and Human Services, Defendant-Appellant.

No. 81–4679.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1983.

Decided Dec. 16, 1983.

---

* Margaret Heckler has been substituted for Richard S. Schweiker, pursuant to Fed.R. App.P. 43(c)(1).

Brian E. Kerss, Weltin & Van Dam, San Francisco, Cal., for plaintiff-appellee.

Gabriel Imperato, Baltimore, Md., for defendant-appellant.

Before FLETCHER and NELSON, Circuit Judges and LYNCH,** District Judge.

FLETCHER, Circuit Judge:

The Secretary appeals from the district court's order reversing the Secretary's termination of disability benefits. The district court held that the Secretary improperly relied on the medical-vocational guidelines found at 20 C.F.R. pt. 404, subpart P, App. 2 (1982) and remanded for additional evidence. We hold against the Secretary but for a different reason than that employed by the district court—i.e., the Secretary failed to adduce any evidence of improvement in Perry's condition.

## FACTS

In April 1977, Perry injured his back while working as a longshoreman. In December 1978, the Administrative Law Judge (ALJ) determined that Perry had been disabled from April 1977, due to degenerative disc disease, back problems and diabetes mellitus.

In June 1980, the Secretary notified Perry that, based on findings made in a continuing disability investigation, Perry's disability had ceased in May 1980. The Secretary based her termination decision on the outcome dictated by application of the guidelines to Perry's condition. The ALJ concluded that, based on all the evidence, Perry had the residual functional capacity for light work. Considering his age (41), education (tenth grade), previous work as a longshoreman, and his ability to do light work, the guidelines compelled the conclusion that Perry's disability had ended in May 1980.

** Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation.

The district court reversed and remanded, holding that the Secretary may not use the guidelines alone to meet her burden of proving that jobs appropriate to the claimant's impairment exist in the national economy. Rather, the Secretary must enumerate specific jobs that Perry is capable of performing.

The Secretary filed a timely notice of appeal. Four months later, on the Secretary's motion, the district court certified the case for appeal under 28 U.S.C. § 1292(b). Although the Secretary failed to apply to this court for permission to take an appeal, as required under 28 U.S.C. § 1292(b), we have jurisdiction to hear this appeal for the reasons discussed in *Stone v. Heckler*, 722 F.2d 464 (9th Cir.1983), which was consolidated with this case for purposes of argument on appeal.

## ISSUES PRESENTED

The Government devotes its entire brief to arguing that the medical-vocational guidelines are reasonable. Perry does not dispute that issue, and indeed, the recent Supreme Court decision in *Heckler v. Campbell*, —— U.S. ——, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983) conclusively established their reasonableness. *See Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir.1983).

Perry contends, however, that the district court's order is proper on two grounds: (1) that there is no evidence in the record to rebut the presumption of continuing disability; and (2) that the Secretary inappropriately applied guidelines in this case. The Government does not dispute these points. Indeed, its brief does not mention the facts of this case.[1] We agree with Perry that because no evidence of improvement was shown, the ALJ should not have reached the second step of applying the guidelines. In light of this holding, we need not reach the second issue raised by Perry.

1. As we observed in *Stone v. Heckler*, 722 F.2d 466 n. 2 (9th Cir.1983), the Government's brief fails to comply with the rules of this court, and the Government has made very little effort to be of any assistance to the Court in this case.

## DISCUSSION

 Claimants are disabled if a medically determinable physical or mental impairment prevents them from engaging in substantial gainful activity. *See Hall v. Secretary of HEW,* 602 F.2d 1372, 1375 (9th Cir.1979); 42 U.S.C. § 423(d)(1)(A). Although claimants have the burden of proving disability, once they show that their impairment prevents them from doing their previous job, the burden of going forward with the evidence shifts to the Secretary. *See Thompson v. Schweiker,* 665 F.2d 936, 939 (9th Cir.1982). The Secretary must show that claimants can do less demanding substantial gainful work, given their age, education, and work experience. *See Heckler v. Campbell,* 103 S.Ct. at 1954; 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f) (1982). To meet her burden the Secretary may rely on the medical-vocational guidelines in certain circumstances. 20 C.F.R. pt. 404 subpart P, app. 2.[2]

 The district court held that the Secretary erred in relying on these guidelines and must show *specified jobs* that the claimant can perform, relying on *Hall,* 602 F.2d at 1377 and *Allen v. Schweiker,* 546 F.Supp. 623, 625 (N.D.Cal.1981). We have recognized that this holding was expressly rejected by the Supreme Court in *Campbell. See Odle,* 707 F.2d at 440. Thus, the district court's decision cannot be upheld on this ground.

 The district court failed to recognize, however, that Perry enjoys a presumption of continued disability created by a prior finding of disability. *See Iida v. Heckler,* 705 F.2d 363, 365 (9th Cir.1983); *Patti v. Schweiker,* 669 F.2d 582, 586–87 (9th Cir.1982). In order to terminate benefits, the Secretary must come forward with evidence that the claimant's condition has improved. *Iida,* 705 F.2d at 365; *Patti,* 669 F.2d at 587. This evidence must be produced before the Secretary can even consider the medical-vocational guidelines.

 We agree with Perry that no such evidence was presented. Indeed, all evidence in the record points to deterioration in Perry's condition, not improvement. The Government does not dispute this point or even argue it. Subsequent events confirm Perry's assertions. On May 18, 1983, an ALJ, ruling on a renewed application restored Perry's benefits as of April 24, 1981. Although she could only restore benefits to the April, 1981 date, she found that Perry had been continuously disabled since April, 1977. Accordingly, we remand to the district court with instructions to reinstate benefits to Perry for the period extending from July, 1980 until the time benefits were restored.

---

2. The guidelines are a set of tables that direct a conclusion of disability or nondisability based on four factors: physical ability, age, education, and work experience. *See Campbell,* 103 S.Ct. at 1954–55 & n. 3. They constitute administrative notice of the existence of jobs for individuals with specified limitations. But the guidelines describe only "major functional and vocational patterns." 20 C.F.R. pt. 404, subpart P, app. 2, § 200.00(a) (1982). If they fail accurately to describe a claimant's particular limitations, the Secretary may not rely on them alone to show the availability of jobs for that claimant. *Campbell,* 103 S.Ct. at 1955 n. 5; 20 C.F.R. pt. 404, subpart P, app. 2, § 200.00(a), (d) (1982).