**DCD PROGRAMS, LTD., et al.,**
**Plaintiffs–Appellants,**

v.

**Michael W. LEIGHTON, et al., Defendants,**

**Hill, Farrer & Burrill,**
**Defendant–Appellee.**

No. 86–6546.

United States Court of Appeals,
Ninth Circuit.

March 31, 1988.

Before ANDERSON, FERGUSON, and NOONAN, Circuit Judges.

ORDER

I.

This order arises as the result of an appeal in this case regarding whether the district court abused its discretion in denying plaintiffs leave to file a fourth amended complaint. The court has filed its opinion, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir.1987), reversing that decision.

II.

The case in chief involved a suit by a number of limited partnerships seeking

damages from numerous individuals and corporate defendants alleging violation of both federal and state securities laws for offering and selling investment contracts in derogation of the registration and anti-fraud provisions of the securities acts.

Hill, Farrer & Burrill (HFB), a law firm, was not named as a defendant in the original complaint. Subsequently plaintiffs sought to include HFB as a defendant, believing that the law firm violated the securities laws through material misrepresentations and omissions in the tax opinions they authored to the limited partnerships. HFB was added as a defendant in the third amended complaint after obtaining leave to amend from the court.

HFB then brought a motion to dismiss the claims against them pursuant to Fed.R. Civ.P. 12(b)(6). The motion was granted without prejudice.

Plaintiffs then requested leave to amend so that they could file a fourth amended complaint. The district court denied the motion. Critical to the appeal is whether or not the district court provided an explanation for its denial or whether a justification was apparent from the record. An outright refusal to grant the leave without any justifying reason is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

### III.

After the district court denied plaintiffs' leave to amend, plaintiffs brought a motion requesting the court to direct the entry of judgment under Rule 54(b) as to the defendant HFB and to make an express determination "that there is no just reason for delay" of the entry of final judgment in order to permit an appeal of the denial of leave to file the proposed fourth amended complaint in accordance with Fed.R.Civ.P. 54(b).

The district court granted the motion and signed a final judgment dismissing the case against HFB. The judgment specified that there is "no just reason for delay."

### IV.

Attorney William Paul Kannow represented HFB on the appeal.

In the "Statement of the Case" section of appellee's brief, on pp. 2–3 (emphasis in original), counsel states that:

Implicitly recognizing the futility of allowing plaintiffs to again assert the same defective federal claims, (as well as the prejudice which would be occasioned to the proposed defendant by permitting the assertion of a pendent malpractice cause of action), the District Court *expressly* found that there was 'no just reason' for now presenting these allegations, and thus denied the Motion.

In the argument sections of appellee's brief,

a. On p. 15, counsel states that
   However, the most glaring and inaccurate misstatement in plaintiffs' Opening Brief is found in their assertion that the District Court gave no reason for its denial of their Motion....

b. On p. 17, counsel states that
   In the case at bench, the District Court did provide its rationale for denying plaintiff's Motion to amend and the record fully discloses that its denial was not an abuse of discretion.

At oral argument, Mr. Kannow stated the issue before the court was whether the district court

abused its discretion in finding that there had been an unjust delay with respect to the proposed amended complaint by the appellants.

At oral argument, a panel judge, noting that "whether or not the judge did in fact state reasons" may be a crucial point in this case, asked counsel for a citation to the record in support of the statement (quoted above) made at p. 17 of the appellee's brief. Mr. Kannow responded

On page seven ... the first paragraph indicates with a citation to the record that the court in denying the motion for leave to amend, expresses that [there is] "no just reason for delay" ... that would be the reference to [Excerpts of Record] 392–393.

## V.

It is apparent from the record that the finding of the district court in its final judgment has reference only to the timing of the entry of the final judgment pursuant to Fed.R.Civ.P. 54(b) and not to the reason why the court denied leave to file the proposed fourth amended complaint.

The court therefore filed and directed the service of an order to show cause why HFB and Mr. Kannow should not be sanctioned by reason of false or misleading statements to the court regarding the record of the case.

In reply to the order to show cause, Mr. Kannow filed a response in which he acknowledged that he and he alone was responsible for the statements set forth above in this order.

Mr. Kannow further states that he believes the court is correct in its conclusion regarding the statement of the district court that "there is no just reason for delay."

Mr. Kannow attributes his errors to his neglect in not having more carefully reviewed the record as well as his relative inexperience with matters pertaining to federal appellate procedure—the appeal being his first appeal in federal court.

He further asserts that he had never intentionally attempted to make false representations or mislead the court.

No hearing was requested.

## VI.

Rule 46(c) of the Fed.R.App.P. provides:

A court of appeals may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court.

As this court stated in *In re Boucher*, 837 F.2d 869 (9th Cir.1988), counsel's professional duty requires scrupulous accuracy in referring to the record. A court should not have to pour over an extensive record as an alternative to relying on counsel's representations. The court relies on counsel to state clearly, candidly, and accurately the record as it in fact exists.

It is not required that the court find intentional conduct in order for an attorney to be disciplined pursuant to Rule 46(c). Lack of diligence which impairs the deliberations of the court is sufficient. *See In re Hanson*, 572 F.2d 192 (9th Cir.1977).

As the misrepresentations in this case went to the heart of the appeal, disciplinary action against Mr. Kannow is appropriate. The order to show cause against HFB is vacated as there is nothing to indicate that the law firm participated in the misrepresentations to the court.

It is therefore ordered that William Paul Kannow is suspended from practice before this court for a period of two months from the date of this order.