875 F.2d 870
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 David CUEVAS, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-5680.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1988.*
Decided May 24, 1989.
 Before BROWNING, SCHROEDER, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Cuevas appeals summary judgment for the government in his action for judicial review of a denial of disability benefits. We reverse in part and remand for further administrative proceedings.
 
 
 3
 The Secretary found appellant could no longer perform his previous job, and therefore bears the burden of showing appellant is employable. Perry v. Heckler, 722 F.2d 461, 464 (9th Cir.1983).
 
 
 4
 We reject appellant's contention that the Appeals Council's finding that appellant "retains the capacity for repetitive bending and stooping" is not supported by substantial evidence. As the Appeals Council noted, the medical evidence indicated that the claimant's orthopedic problems primarily related to his neck and a qualified orthopedist expressed the opinion that the claimant's impairment would only preclude him from performing very heavy work--an opinion inconsistent with inability to repetitively bend and stoop. This evidence was sufficient to support the finding. Appellant relies on the recommendation of another doctor that appellant not engage in repetitive motions, but even this doctor concluded that appellant was capable of employment.
 
 
 5
 Appellant also argues the ALJ erred in failing to require further investigation of Dr. Rubio's suggestion appellant might have organic brain damage. The ALJ has "a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983) (per curiam). The ALJ decided not to order further investigation because normal brain function was revealed by an EEG performed following the mishap which is claimed to have precipitated appellant's physical and psychological complaints, and because two physicians reported after examining appellant that his memory and mental functions were normal. Whether or not further tests would be advisable to protect appellant's health, the evidence supported the ALJ's conclusion that appellant's memory and mental functions are normal. Under the statute, function--not physical condition--is the critical determinant of disability. See 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 6
 Appellant argues on appeal that the ALJ improperly rejected his testimony that he experiences disabling pain. Appellant contends the ALJ's conclusion that he is not disabled by pain is not supported by substantial evidence.
 
 
 7
 Medical examination revealed the pain and disability reported by appellant were disproportionate to that which might be expected from appellant's physical condition. Dr. Clark reported appellant's complaints were "disproportionate to any radiologic, laboratory or physical findings," and Dr. Yorke reported finding "no severe pain." Although Drs. Hanretta and Ganakis report they believed appellant's complaints were "honest," subjective pain does not amount to disability per se, as appellant argues. Rather the pain must prevent appellant from engaging in "any substantial gainful activity." Id.
 
 
 8
 The Secretary may disregard a claimant's reports of pain in excess of what might be expected from objective medical evidence. Id.; Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir.1986). This court has stated, "[t]he ALJ's findings on the amount of claimant's pain necessarily involve[ ] a question of credibility. An ALJ's assessment should be given great weight. Further, a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings." Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.1985) (citation omitted).
 
 
 9
 The Secretary "must make specific findings justifying [the] decision" to disregard complaints of pain. Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986) (per curiam). Here the Secretary did so: the ALJ stated he was "impressed with the early examination of Dr. Clark and the more recent examination by Dr. Yorke, both finding that the claimant's subjective complaints were exaggerated and not supported by the clinical record."
 
 
 10
 However, the conclusion that appellant does not suffer from disabling pain due to physical ailments alone does not foreclose appellant's argument he is disabled by a combination of actual pain and an exaggerated perception of pain caused by hypochondriasis, a recognized psychological impairment. Although five physicians reported appellant displayed depression and hypochondria, and one concluded appellant's physical and mental symptoms disabled him, the ALJ concluded appellant was not mentally impaired. He relied on Drs. Hanretta and Rubio, who reported appellant displayed normal memory and mental function, to find appellant suffered from "minimal depression secondary to his reaction to his physical condition." It is not clear whether the ALJ considered the possibility that appellant is disabled, as provided in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.07 (1988), by hypochondriasis, alone or in combination with other impairments. We remand to the Secretary so he may do so.
 
 
 11
 Lastly, appellant contends the Secretary failed to consider the combined impact of his physical and psychological impairments. The Secretary does bear a duty to consider the combined impact of multiple impairments. 42 U.S.C. Sec. 423(d)(2)(C); Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir.1985). The ALJ wrote, "[C]laimant does not have any impairment or combination of impairments which meets or equals an impairment listed at [20 C.F.R. Pt. 404, Subpt. P,] Appendix I so as to support disability based on medical considerations alone." (emphasis added). It is not clear whether the ALJ considered the interaction of appellant's physical and psychological complaints. On remand, the Secretary should do so.
 
 
 12
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 Pursuant to appellant's motion, this case is submitted without argument pursuant to Fed.R.App.P. 34(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3