990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael J. KOSMAN, Plaintiff-Appellant,
v.
Donna E. SHALALA**, Secretary, Defendant-Appellee.
 No. 91-56271.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1993.*
Decided April 19, 1993.
 
 Before HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The Secretary of Health and Human Services concluded that Michael J. Kosman was not disabled within the meaning of the Social Security Act and denied his claim for Social Security disability benefits. The district court affirmed the Secretary's decision. Kosman appeals to this court, and we affirm.
 
 I. Facts
 
 3
 Michael J. Kosman has completed his education through the tenth grade. Kosman's past work history includes employment as a box stacker, a maintenance worker at a motel, a centrifuge operator for a sugar company, work in the parts department of a stereo company, work in packing and shipping, work as a carpet cleaner, and, most recently, work performing maintenance and repair at an agricultural ranch.
 
 
 4
 In May, 1986, Kosman injured his back while digging a ditch at the ranch. After treatment, some time off, and returning to work, Kosman permanently stopped working on June 10, 1986. Kosman claims he has been disabled for purposes of the Social Security Act since that date. The Secretary disagreed. Kosman appeals.
 
 II. Standard of Review
 
 5
 We will disturb a decision denying benefits " 'only if it is not supported by substantial evidence or it is based on legal error.' " Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir.1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986)); see 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)), but "less than a preponderance." Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir.1988) (quoting Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison, 305 U.S. at 229). We review the record as a whole and consider adverse as well as supporting evidence. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989).
 
 III. Discussion
 
 6
 Kosman has the burden of proving disability within the meaning of the Social Security Act. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir.1984). "Claimants are disabled if a medically determinable physical or mental impairment prevents them from engaging in substantial gainful activity." Perry v. Heckler, 722 F.2d 461, 464 (9th Cir.1983); 42 U.S.C. § 423(d)(1)(A). "The claimant establishes a prima facie case of disability by showing that [his] impairment prevents [him] from performing [his] previous occupation." Cotton v. Bowen, 799 F.2d 1403, 1405 (9th Cir.1986). "[A]fter a claimant establishes a prima facie case of disability by showing his inability to perform former work, the burden shifts to the Secretary to prove that the claimant can engage in other types of substantial gainful work that exists in the national economy." Maounis, 738 F.2d at 1034 (italics deleted).
 
 
 7
 Conceding that the evidence supported Kosman's claim that he was unable to perform his former work, the ALJ nonetheless concluded that Kosman was not disabled because he could engage in light and sedentary forms of substantial gainful employment. Kosman appeals.
 
 A. Functional Limitations
 
 8
 "The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.1984) (citations omitted). Where the evidence supports more than one rational interpretation, we must accept the ALJ's conclusion. See Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971).
 
 
 9
 Kosman alleges an inability to work beginning on June 10, 1986, as a result of a May 12 work accident. However, on May 20, 1986, Kosman's treating orthopedic surgeon, Dr. Smith, indicated that he believed Kosman could return to work in a supervisory capacity in less than a month. After doing so, Kosman quit again on June 10, 1986.
 
 
 10
 Subsequently, Kosman was referred to Dr. Jones, who planned to perform surgery on Kosman in August, 1986. However, Kosman's surgery was postponed because Kosman reported no leg pain during the week preceding the proposed surgery and because Kosman had an abnormal liver enzyme test.
 
 
 11
 A follow-up visit to Dr. Jones, during which Dr. Jones indicated that he believed Kosman to be "not disabled by pain unless he tries to increase his activity" and recommended that "Mr. Kosman will have to change his job and be re-trained for something more sedentary in character," was succeeded by an almost twenty month gap in Kosman's medical history. Subsequently, in April, 1988, Dr. Smith performed surgery on Kosman's back and discovered more severe conditions than expected. However, immediately after the successful surgery, Kosman was ambulating well and his pre-operative leg pain was gone.
 
 
 12
 Kosman reported significant improvement in his condition after the surgery, and he last visited Dr. Smith on June 14, 1988. Kosman's apparent improvement after surgery is supported by the evaluations of Dr. James Strait and Dr. Jonathan Gurdin, both of whom saw Kosman subsequent to his surgery and indicated that Kosman had improved a great deal and had no complications. Although Dr. Strait believed that Kosman should be restricted from heavy lifting and repeated bending and stooping, at no point did he indicate a belief that Kosman was totally disabled. In fact, the post-operative reports make no mention of any limitations on Kosman's ability to walk, stand, or sit.
 
 
 13
 Nonetheless, Kosman claims that the ALJ was required to disregard the great weight of this evidence and defer to the surprising surgical findings in Dr. Smith's operative report because of the special deference given a treating physician. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988) ("We have made it clear that the medical opinions of a claimant's treating physicians are entitled to special weight...."). First, we note that, according to the post-operative reports, Dr. Smith's surgical efforts to relieve Kosman's unexpected condition were successful. Second, we note that none of the post-operative medical reports, including Dr. Smith's own, supported the severity of limitation that Kosman claims. At most, they supported a restriction on heavy lifting and repeated bending and stooping.[1] Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that Kosman is not prevented by functional limitations from performing light and sedentary forms of substantial gainful employment.
 
 B. Excess Pain
 
 14
 "If the claimant submits objective medical findings establishing a medical impairment that would normally produce a certain amount of pain, but testifies that [he] experiences pain at a higher level (hereinafter referred to as the claimant's 'excess pain'), the Secretary is free to decide to disbelieve that testimony, but must make specific findings justifying that decision." Cotton, 799 F.2d at 1407 (citations omitted). "This standard (the "Cotton standard") requires the claimant to produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain. Cotton, 799 F.2d at 1407." Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (en banc). Here, the ALJ accepted that Kosman suffered from a condition that caused him some pain, but rejected as incredible Kosman's subjective excess pain testimony. Kosman claims that the ALJ erred in so rejecting. We disagree.
 
 
 15
 Kosman claims to have suffered uninterrupted, excess pain since his work injury of May, 1986. In rejecting this testimony, the ALJ considered that the medical records contemporaneous with Kosman's claim of uninterrupted excess pain do not support his claim; at most, they indicate that Kosman's subjective history was that of intermittent pain that apparently was alleviated by his 1988 surgery. The ALJ also considered that the examining physicians had restricted Kosman only from heavy lifting and repeated bending and stooping; that Kosman was not on any pain medication; that Kosman was not under any type of therapy; and that, aside from bending and lifting, Kosman had returned to a somewhat normal level of daily activity, including driving without problem for several hours and riding a bicycle for exercise.
 
 
 16
 Once medical evidence is produced to establish the existence of an underlying impairment, the ALJ "must then consider the claimant's alleged severity of pain." Bunnell, 947 F.2d at 345. "[T]he Cotton standard does not require medical findings that support the severity of pain and, thus, the adjudicator may not discredit the claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence." Id. at 343 (citing Cotton, 799 F.2d at 1407). However, the adjudicator is required to make specific findings to support a conclusion that the claimant's allegations of severity are not credible. Id. at 345. These findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.' " Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir.1991)).
 
 
 17
 Factors that the ALJ must consider in determining the credibility of the claimant's testimony are listed in Social Security Ruling ("SSR") 88-13:
 
 
 18
 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
 
 
 19
 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
 
 
 20
 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
 
 
 21
 4. Treatment, other than medication, for relief of pain;
 
 5. Functional restrictions; and
 
 22
 6. The claimant's daily activities.
 
 
 23
 SSR 88-13, quoted in Bunnell, 947 F.2d at 346. Our cases have approved the ALJ's use of other factors to make the credibility determination. See, e.g., Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989) (considering that claimant had received only minimal conservative treatment for his various complaints of "persistent and increasingly severe pain"; that claimant was no longer receiving physical therapy for his pain; and that claimant had resumed a somewhat normal level of daily activity, including driving his own automobile); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir.1988) (ALJs' comments "indicate they considered [claimant's] credibility as well as medical evidence in making their decisions about [his] alleged disabling pain."); Green, 803 F.2d at 532 ("The ALJ thoroughly discussed the medical evidence in making his credibility finding."). Based on the foregoing, we conclude that the ALJ made sufficiently specific findings to support his rejection of Kosman's subjective excess pain testimony.
 
 C. Vocational Expert Testimony
 
 24
 "Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights." Embrey, 849 F.2d at 422 (citations omitted). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." Gallant, 753 F.2d at 1456.
 
 
 25
 Here, the ALJ asked the vocational expert to assume Kosman's actual age, education, and work experience, coupled with a restriction against repetitive bending and stooping and the possible necessity of a sit/stand option job. Kosman challenges the hypothetical because it did not include any limitations with respect to pain on standing, sitting, and walking. However, as we indicated in section II.A., supra, no doctor so limited Kosman as to sitting, standing, or walking. Accordingly, we conclude that the ALJ's hypothetical fairly and accurately set out all of Kosman's limitations and restrictions that were supported by substantial evidence in the record.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Resources. Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that one of Kosman's primary allegations is that the ALJ misread one of Dr. Jones' reports. It is, in fact, Kosman who has misread and/or misrepresented that report, which indicates that "It [Kosman's pain] is rarely there when he is lying down, unless rolling over, or sitting." The plain meaning of this report is that Kosman rarely experiences pain when lying down or sitting. However, by deleting the second comma in his brief to this court, Kosman misread and/or misrepresented the report as indicating that Kosman experienced pain when rolling over or sitting. Especially in light of DCD Programs, Ltd. v. Leighton, 846 F.2d 526 (9th Cir.1988), and In re Boucher, 837 F.2d 869, 871 (9th Cir.1988), we strongly urge more care and caution in the future