**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| MARIANNE ORTIZ,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant - Appellee. | No. 09-17603<br><br>D.C. No. 1:08-cv-01431-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted January 27, 2011[**]

Before:  HUG, SKOPIL, and BEEZER, Circuit Judges.

    Marianne Ortiz appeals the denial of her application for supplemental security income benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

## I.

Ortiz was initially granted supplemental security income benefits in 1989. At that time, an Administrative Law Judge (ALJ) determined Ortiz had "a cyclothymic disorder characterized by anhedonia, sleep disturbance, feelings of worthlessness, difficulty concentrating and hallucinations." Her mental impairments were deemed severe and precluded gainful employment.

Her eligibility for continued benefits was reviewed in 1999. A different ALJ noted Ortiz's mental impairments and also reviewed additional medical evidence indicating she had "spondylolysis and related degenerative change in the lower lumbar spine." An IQ test resulted in scores of 67 for verbal, 77 for performance and 71 for full-scale. The ALJ determined that Ortiz had mild mental retardation and other severe impairments such as "spondylolysis of the lumbosacral spine and obesity" and therefore "continues to be disabled."

Ortiz's benefits were terminated in 2005 because she failed to supply requested documentation. Unrepresented by counsel, she reapplied for benefits. A third ALJ ruled that Ortiz "is not mentally retarded and does not have degenerative disc disease as was misapprehended in the prior applications." Benefits were denied because "new and material evidence shows that the claimant has neither a severe mental impairment nor a severe physical impairment."

Ortiz's application was denied at the second step of the five-step sequential evaluation process used to determine whether an individual is disabled for purposes of receiving disability benefits. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step process). Ample authority cautions against a determination of nondisability at step two. *See id.* at 153 (noting the step-two inquiry is intended to identify "claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled"); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (explaining a step-two impairment "may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work") (emphasis in original; internal quotation marks omitted); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting "the step-two inquiry is a de minimis screening device to dispose of groundless claims").

Here, the ALJ relied on two mental evaluations diagnosing Ortiz with depressive and anxiety disorders but not ruling out either a learning disability or borderline intellectual functioning. This is not the "total absence of objective evidence of severe medical impairment" that would permit us to affirm "a finding of no disability at step two." *Webb*, 433 F.3d at 688 (reversing a step-two determination "because there was not substantial evidence to show that Webb's

-3-

claim was 'groundless'"). Moreover, there is evidence in Ortiz's medical history indicating she suffers from a severe mental impairment. Indeed, two other ALJs previously determined that her mental impairment is severe. *See Perry v. Heckler*, 722 F.2d 461, 464 (9th Cir. 1983) (noting claimant "enjoys a presumption of continued disability created by a prior finding of disability").

At the very least, the circumstances of this case suggest the ALJ "had an affirmative duty to supplement [Ortiz's] medical record, to the extent it was incomplete, before rejecting [her] petition at so early a stage in the analysis." *Webb*, 433 F.3d at 687. This could have been accomplished by considering her previous medical history, including the results of her prior psychological examination. *See Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994) (noting for mental impairments, the ALJ "must consider the evidence in the case record – the mental status examination and psychiatric history").

## III.

We conclude a remand is required to permit the ALJ to continue the sequential analysis. *See Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009); *Webb*, 433 F.3d at 688.

**REVERSED AND REMANDED**.