**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOROTHY J. NURSEMENT, | No. 10-56762 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00269-JC |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

Dorothy Nursement ("Nursement") appeals the district court's judgment

affirming the Commissioner of Social Security's ("Commissioner") final decision

denying her application for supplemental security income ("SSI") benefits.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Nursement claims that the administrative law judge ("ALJ") erred when he failed to give preclusive effect to a finding from the adjudication of her prior application for benefits. Because new and material evidence supports the ALJ's finding, we affirm.

Nursement argues that administrative res judicata applies to the prior finding of her residual functional capacity ("RFC") to perform the mental requirements of work. Nursement contends that the ALJ erred when he omitted a prior finding that she lacks the capacity to perform any work that requires math or that requires the ability to read at a second or third grade level. We review de novo the district court's judgment upholding the denial of social security benefits, and may set aside a denial of benefits only if it is based upon legal error or is not supported by substantial evidence. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir. 2008); *see* 42 U.S.C. § 405(g).

The Social Security Act ("SSA") directs that "[t]he findings and decision of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h); *see* 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1) (stating that res judicata and collateral estoppel apply where the Commissioner has made a previous final decision based "on the same facts and on the same issue or issues"). For example, prior findings about an applicant's RFC,

education, and work experience are entitled to some preclusive effect as long as the adjudicator does not consider new and material evidence on the issue. *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988). Medical evaluations conducted after a prior adjudication necessarily constitute new and material evidence. *Subbs-Danielson*, 539 F.3d at 1172–73.

Nursement claims that administrative res judicata applies to the prior finding of her mental RFC but not to the prior finding of her physical RFC but points to no authority that supports her argument. Here, after the Commissioner denied a prior application after an evidentiary hearing in 2000, Nursement alleged new mental and physical impairments in her 2004 application. She also alleged that her new impairments began in 2003, after the prior adjudication. The ALJ did not err by evaluating new medical evidence about the mental component of Nursement's RFC in the second adjudication when she alleged new mental impairments and a later onset date. *See* Social Security Acquiescence Ruling 97-4, 62 Fed. Reg. 64038 (Dec. 3, 1997) (interpreting *Chavez v. Bowen* and the SSA to permit adjudicators to consider new evidence in a subsequent adjudication).

Nursement also claims that the ALJ could not change the mental portion of her prior RFC finding without evidence of medical improvement. While "evidence that the claimant's condition has improved" is required to overcome the

presumption of continued disability, see *Perry v. Heckler*, 722 F.2d 461, 464 (9th Cir. 1983), evidence of medical "improvement" is not required in order to reconsider prior findings after a previous determination of non-disability. *See Stubbs-Danielson*, 539 F.3d at 1173 (requiring only "new information not presented to the first judge" to reconsider findings).

Finally, Nursement also argues that because she has been diagnosed with borderline intellectual functioning—based on her 1999 IQ score of 73—her mental capacity for work cannot improve. The out-of-circuit cases she relies upon are distinguishable because they are about using IQ scores as part of a finding of mental retardation and not a RFC finding. Even assuming that Nursement's IQ remained fairly constant, the new medical evidence showed that her capacity for work had changed by the time of the second adjudication in 2007. As part of the current application, Nursement underwent two psychiatric examinations. Unlike the psychologists who evaluated her in 1999, neither psychiatrist reported that Nursement had moderate problems with her concentration and memory. Viewing all of the new medical evidence, the record supports the new RFC finding that removes the earlier restrictions on math and reading but still restricts Nursement to simple and repetitive tasks.

**AFFIRMED.**