**Leonard L. RAY, Jr.,
Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary, Department
of Health and Human Services,
Defendant-Appellee.**

**No. 85–4435.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 1986 *.

Decided Jan. 22, 1987.

Designated for Publication April 1, 1987.

Leonard L. Ray, Jr., Springfield, Or., for plaintiff-appellant.

Gary J. Thogersen, Seattle, Wash., for defendant-appellee.

Before BARNES, SKOPIL and CANBY, Circuit Judges.

BARNES, Circuit Judge:

Leonard L. Ray, Jr., appeals pro se the district court's decision affirming the denial by the Secretary of Health and Human Services (the Secretary) of his application for Social Security disability insurance ben-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

efits. The Secretary found that Ray was not disabled because he could perform his past work as a Certified Public Accountant.

Ray filed a claim for disability benefits on April 21, 1983. The Secretary denied Ray's claim initially and upon reconsideration. On July 18, 1984, at Ray's request, a hearing was held before an Administrative Law Judge (ALJ). The ALJ found that although Ray has a severe hearing impairment and a deformed left arm, he retained the capacity to perform his past relevant work as a CPA. The Appeals Council affirmed. Ray timely filed a complaint for review by the district court. The district court affirmed the Secretary's decision. Ray timely appeals.

This court must affirm the Secretary's denial of a disability claim if substantial evidence in the record as a whole supports his findings of fact, and if the Secretary has applied the proper legal standards. 42 U.S.C. § 405(g); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). The court may not affirm the ALJ's decision "simply by isolating a specific quantum of supporting evidence," but must also consider evidence that detracts from the ALJ's conclusion. *Jones*, 760 F.2d at 995.

A claimant is eligible for disability insurance benefits only if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A). Additionally, the impairment must result from anatomical, physiological or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory techniques. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir.1984).

A claimant has the burden of proving that he is disabled. *Bellamy v. Secretary of Health & Human Services*, 755 F.2d

1380, 1381 (9th Cir.1985); 42 U.S.C. § 423(d)(1)(A). A claimant makes a prima facie showing of disability by proving that his impairment prevents him from doing his previous job. *Perry v. Heckler*, 722 F.2d 461, 464 (9th Cir.1983). If a claimant can still perform the work he has done in the past, despite severe physical or mental impairments, he must be found not disabled. 20 C.F.R. § 416.920(e). Once the claimant shows that he cannot perform his past work, the burden shifts to the Secretary to show that the claimant can do other substantial gainful activity, given his age, education and work experience. *Perry*, 722 F.2d at 464; 42 U.S.C. § 423(d)(2)(A). A claimant who cannot return to his past relevant work is not disabled if there are other forms of work he is able to do. *Hall v. Secretary of Health, Education & Welfare*, 602 F.2d 1372, 1375 (9th Cir.1979) 20 C.F.R. § 404.1520(f)(1) (1985).

Ray contends that the ALJ's finding that he retained the residual functional capacity to perform his past relevant work is not supported by substantial evidence, because he has not been a practicing accountant since 1971 and "extreme technological changes" in the accounting profession make his skills obsolete. This contention lacks merit because of the lack of substantial evidential support.

Ray, sixty-one years old at the time of the hearing, worked as a CPA from 1944 to 1971. He testified that after 1951 his work consisted of supervising the work of other accountants in his office, and that he has had little hands-on accounting experience since then. From 1970 until December 1982, Ray held a directorship of a savings and loan association in Oregon, for which he attended monthly board meetings and occasional committee meetings and was paid approximately three hundred dollars per month.

He stated that he now suffers from two "impairments" that prevent him from returning to work as a CPA. The first is hearing loss in both ears, first treated in 1980 and exacerbated by a rifle range accident in 1981. He now wears one hearing aid that he said improves his hearing but

that when he talks on the telephone it picks up a variety of electronic sounds, including those produced by fluorescent lights. Ray stated that his audiologist suggested that he try a hearing aid in both ears, but that he did not think it would help.

The second problem that Ray said prevents him from returning to his former work as a CPA is what he described as the "Rip Van Winkle theory": that since he left the profession in 1971, there have been so many changes in the tax laws that his skills as an accountant have become obsolete. He admitted that he could bring his knowledge up to date through a course of study, but contended that the changes have been so extensive that it would take him at least four years to do so.

Finally, Ray noted that he has residuals of polio that have apparently paralyzed his left arm and prevent him from doing any kind of physical labor. He did not contend that this impairment prevented him from performing accounting work.

R. Craig Ford and Loyal Ediger of the Eugene Hearing and Speech Center performed an audiological evaluation of Ray on October 29, 1981. They noted that after a previous evaluation they had fitted Ray with a hearing aid. The evaluation revealed a ten to fifteen decibel threshold shift at most frequencies for the left ear, but only a slight threshold shift for the right ear. Ford and Ediger stated that Ray appeared to have a moderate to severe sloping sensori-neural hearing loss in the mid-to-high frequency range. Ray's hearing aid was adjusted and Ford suggested that a second hearing aid might be needed.

Ray's family physician, Dr. Hoskins, performed an examination on May 24, 1983, noting Ray's complaints of decreased hearing and weakness in his left arm. The examination revealed "obvious atrophy and deformity" of the left upper arm, the result of longstanding polio, that prevented the arm from functioning. Dr. Hoskins also noted curvature of the spine and low grade epididymitis and prostatitis. He diagnosed decreased hearing.

Dr. Johansen examined Ray on June 27, 1983. He noted that although Ray was not affected by noise exposure in his work, he was exposed to loud noises as the result of a shooting accident. Dr. Johansen's impression was neurosensory hearing loss bilaterally.

Finally, Mr. Ford of the Eugene Hearing and Speech Center performed another audiological evaluation on July 19, 1983. The evaluation indicated a sensori-neural hearing loss in both ears that affects Ray's ability to understand unamplified speech or speech in noisy surroundings. He recommended that Ray also obtain a hearing aid for his left ear.

Ray also submitted a "Claimant's Statement of Facts and Arguments" that highlighted the number of changes that have taken place in the accounting field and the obsolescence of his own skills. He noted that while he is still a licensed CPA in Oregon, his license is endorsed "Not Licensed for Public Practice." He also presented a long list of changes that have occurred in the tax laws and accepted accounting procedures, as well as photographs of new accounting library materials published since 1971. He supplemented this with a list of available continuing education courses that he said illustrates the "vast body of knowledge with which claimant is totally unfamiliar."

The ALJ concluded that although Ray suffers severe hearing loss and has a deformed left arm, these impairments do not preclude him from performing his past relevant work as a CPA. He stated that since Ray is able to understand normal conversation, "particularly in a low noise environment such as one would expect to find in a professional office," his hearing impairment does not preclude him from performing the managerial and supervisory tasks that were the mainstay of his work as a CPA. He acknowledged Ray's contention that his skills as a CPA have not been kept current, but he stated that Ray could enroll in continuing education courses to become licensed to practice.

On appeal, Ray does not contend that his hearing loss is disabling, but instead argues that the paralysis in his left arm and his inability to perform his past work as a

CPA combine to constitute a disability. This contention is not meritorious.

 Ray admits that the paralysis in his left arm has been medically stationary since 1927. Since that time he has worked approximately twenty-seven years as a CPA and another twelve years as a director of a savings and loan association. In fact, Ray concedes that his physical impairments do not prevent him from returning to his past work as a CPA. Therefore, the ALJ's finding that Ray's physical impairments do not preclude Ray from returning to his past work as a CPA is supported by substantial evidence.

 Ray's argument rests solely on his contention that his skills as a CPA have become obsolete. At the hearing, however, Ray admitted that through continuing education courses he could be reinstated as a licensed practicing accountant. Moreover, it was established that Ray's past work mainly involved office management and supervision, and very little hands-on accounting work. He does not show how these skills might have eroded over time as well. Thus, substantial evidence supports the ALJ's finding that through a course of study Ray could regain the skills necessary to be a practicing accountant.

 Fundamentally, however, Ray's contention that the obsolescence of his skills renders him incapable of performing his past work is contrary to express statutory provisions. The Social Security Act specifically states that inability to engage in substantial gainful employment must be by reason of some "medically determinable physical or mental impairment...." 42 U.S.C. § 423(d)(1)(A). Moreover, one's impairment must result from abnormalities that are demonstrable by medically acceptable clinical or laboratory diagnostic techniques. *Bilby v. Schweiker,* 762 F.2d 716, 718 (9th Cir.1985); 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C). The Seventh Circuit has expressly held that atrophy of skills does not prevent one from performing past work for disability purposes. *Wallschlaeger v. Schweiker,* 705 F.2d 191, 196 (7th Cir.1983). Finally, the disability regulations state that inability to perform past relevant work due to "technological changes in the industry" is not a basis for a finding that a claimant is disabled. 20 C.F.R. § 404.1566(c)(4).

Therefore, because Ray has failed to establish that he is unable to return to his past work as a CPA based on his atrophy of skill, substantial evidence supports the ALJ's decision.

The judgment is AFFIRMED.