**Kathleen Patricia McCARTHY, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 86–1485–PA.**

United States District Court, D. Oregon.

Aug. 14, 1987.

---

Robert K. Udziela, Dan O'Leary, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., Gary J. Thogersen, Sp. Asst. U.S. Atty., Seattle, Wash., for defendant.

## OPINION

PANNER, Chief Judge.

Plaintiff appeals the decision of the Secretary denying waiver of alleged overpayment of $6,615.00 in benefits paid by the Social Security Administration (Administration) under the Social Security Act. The issue is whether the overpayment exists and, if so, whether repayment by the plaintiff would defeat the purposes of Title II or be against equity and good conscience. I affirm the decision of the Secretary. In addition, plaintiff has moved for a restraining order and injunctive relief to stop recoupment and harassment. I deny the motion.

## ADMINISTRATIVE PROCEEDINGS AND FACTUAL BACKGROUND

Plaintiff's husband was awarded Social Security disability benefits with an onset date of September 22, 1981. Plaintiff's husband requested, and was granted, a change in the onset date from September 22 to February 25, 1981, which resulted in additional benefits. Plaintiff filed an application for wife's benefits on October 1, 1981. She was determined to be eligible effective August 1981. In addition, the McCarthys' four children qualified at various times for benefits.

On May 15, 1983, plaintiff and plaintiff's husband were sent a notice of an award of $3,319.73 for past due benefits. Plaintiff's husband died on May 27, 1983. Plaintiff thereafter applied for and received mother's insurance benefits. Her application estimated her 1983 earnings to be approximately $12,000. She actually earned $13,-214.75. She also estimated her 1984 earnings at $14,000.00. She actually earned

$17,470.00. These underestimates were the major contributing cause of overpayment by the Administration.

The Administration withheld a 25% fee in the amount of $1,542.42 to pay for the McCarthys' lawyer. The lawyer waived entitlement to any fee, however. The amount was refunded to the family.

Between 1982 and 1984, three of the four children ceased at various times to be entitled to benefits. In December 1983, plaintiff did not receive payment for one child because the child was erroneously believed to have died. The missed payment was corrected the following month.

In September 1984 plaintiff was first notified that she had been overpaid in the amount of $3,135.00 because of her excess earnings in 1983. Plaintiff has not received benefits since that time. One child continued to receive payments. Waiver of repayment was denied. Plaintiff requested reconsideration. Prior to reconsideration, plaintiff was informed of additional overpayments of $3,836.00 due to excess earnings in 1984. Both of these rulings were considered at the time of reconsideration. This review resulted in changes in both of the alleged overpayment amounts. It was determined that overpayment in 1983 was $3,827.97, and overpayment in 1984 was $3,880.00, for a total of $7,707.97. This figure was reduced by $1,092.97, which represented underpayment from an earlier period for the children. As provided by 20 C.F.R. §§ 404.502–.503, overpayments and underpayments can be reconciled from other individuals entitled to benefits on the same earnings record. The total overpayment as calculated by the Administration was $6,615.00. The Administration denied waiver of payment because plaintiff was found to be "not without fault" for failure to report her earnings accurately. This decision was upheld by an Administrative Law Judge (ALJ).

The Appeals Council granted plaintiff's request to review. The Council found that plaintiff was without fault because she had provided timely estimates of her yearly income. Nevertheless, the Council denied waiver of repayment, deciding that under plaintiff's circumstances it would not defeat the purpose of Title II, nor be against equity and good conscience, to require repayment of the $6,615.00. This is the final decision of the Secretary for purposes of review.

## STANDARD OF REVIEW

### 1. The Motion For A Restraining Order.

■ A party seeking a restraining order must make a persuasive showing of irreparable harm and likelihood of prevailing on the merits. *New Motor Vehicle Bd. of California v. Fox,* 434 U.S. 1345, 98 S.Ct. 359, 54 L.Ed.2d 439 (1977). The equitable criteria for granting preliminary relief consist of a showing of either a combination of probable success and possible irreparable injury, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking relief. *Aleknagik Natives Ltd. v. Andrus,* 648 F.2d 496, 502 (9th Cir.1980).

### 2. The Decision Of The Secretary.

The decision of the Secretary must be supported by substantial evidence. 42 U.S.C. § 405(g) (1986); *Universal Camera Corp. v. National Labor Relations Bd.,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n. 10 (9th Cir.1975). The court may not affirm the ALJ's decision "simply by isolating a specific quantum of supporting evidence," but must also consider evidence that detracts from the ALJ's conclusion. *Ray v. Bowen,* 813 F.2d 914 (9th Cir.1987).

■ The Secretary is directed to recover overpayments of Social Security benefits. 42 U.S.C. § 1383(b)(1) (1983). The statute does not designate which party bears the burden of proof of the fact of overpayment. However, both the Third and

Eighth Circuits have held that when the government seeks to recover an alleged overpayment, it must demonstrate that the claimant was not entitled to the funds. *Cannuni On Behalf of Cannuni v. Schweiker,* 740 F.2d 260, 263 (3d Cir.1984); *United States v. Smith,* 482 F.2d 1120, 1124 (8th Cir.1973). Recovery of the overpayment may be waived:

> In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

42 U.S.C. § 404(b) (1983). The burden of proof is on the recipient of the benefits to show that repayment would defeat the purposes of the statute or would be against equity and good conscience. *Sierakowski v. Weinberger,* 504 F.2d 831 (6th Cir.1974).

### DISCUSSION

1. *The Motion For A Restraining Order.*

Plaintiff moves for an order requiring the Administration to stop recoupment of the alleged overpayment from plaintiff's child's benefits. She also asks for an order that the Administration stop harassing plaintiff at work and stop communicating with her except through counsel.

■ The government states that it has voluntarily stopped all recoupment. In addition, it states that the telephone calls to plaintiff at work were only a response to an inquiry from plaintiff. It also states that upon notice of retention of counsel, it has only made contact with counsel, not plaintiff.

No irreparable harm has been shown. The motion is denied.

2. *The Decision Of The Secretary.*

■ The government concedes that it arrived at the final overpayment figure of $6,615.00 "only at the end of a singularly circuitous road." The government also concedes that mistakes may have been made along the way, and slowness took its toll. Examination of the record shows that many events affecting benefits to the McCarthy family took place in a relatively short time: the disability of the husband, the request for an earlier disability date, the death of the husband, the waiver of attorney's fees, and the ineligibility of three of four children. Each of these events required recalculations of the benefits. Plaintiff's underestimate of her income for both 1983 and 1984 further complicated the situation. The Administration summarized on worksheets the payments actually made to each beneficiary in the McCarthy family for each year involved, as compared to the payments that should have been paid.

Plaintiff contends that the ALJ failed to "develop the record sufficiently to demonstrate the amount of an overpayment." The ALJ did not recalculate each transaction, nor did he need to do so. The Administration's summary worksheets and explanatory notes sufficiently carry its burden of proof by setting out the pattern of discrepancy between payments actually made and payments that should have been made. Especially obvious are the payments of $468.00 or $484.00 made for fourteen months starting in July 1983 at a time when plaintiff should have received nothing because of her work income.

Plaintiff contends that the record is "a *nightmare of administrative bungling,*" and that the worksheets "are impossible to decipher." She exaggerates. More importantly, she fails to point to a single error in the Administration's calculation of overpayment. I find that overpayment exists in the amount of $6,615.00.

■ Plaintiff, who was found to be not at fault, must show that waiver of repayment is appropriate because it would defeat the purpose of Title II or would be against equity and good conscience. The purpose of Title II is defeated if repayment would deprive plaintiff of income required for ordinary and necessary living expenses. 20 C.F.R. § 404.508(a) (1986). The purpose of Title II is not defeated if the person has more than sufficient income or other finan-

cial resources than necessary for ordinary expenses. *Id.* Plaintiff's monthly expenses are $1,518. Her monthly income, including $514 in benefits currently being paid for one child, is $1,837. In addition, she has approximately $13,000 in savings. The Administration may recoup the repayments by reducing the child's benefits, but such reduction may not reduce plaintiff's income below what is required to meet ordinary and necessary needs. 20 C.F.R. § 404.502(c) (1986). There is substantial evidence that repayment would not violate the purposes of the statute.

Finally, repayment by plaintiff would be against equity and good conscience if, by reason of the incorrect payment, plaintiff relinquished a valuable right or changed her position for the worse. 20 C.F.R. § 404.509 (1986). Plaintiff presents no evidence that she has done so. Repayment would not be against equity or good conscience.

### CONCLUSION

Plaintiff's motion for a restraining order and injunctive relief is denied. There is substantial evidence to support the existence of an overpayment of $6,615.00, and to support the Secretary's denial of waiver of repayment. Accordingly, the decision of the Secretary is affirmed.