19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph ANZALLO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 92-55952.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 25, 1994.
 
 Before: BROWNING, FERGUSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Physical Disability
 A. Rejection of Subjective Pain Testimony
 
 2
 An ALJ may discredit subjective pain testimony if he finds the claimant 1) is able to perform daily activities "that involve many of the same physical tasks as a particular type of job," Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989), or 2) fails to "seek treatment or follow a prescribed course of treatment" without good reason. Id. The ALJ may also take into account the "[t]ype, dosage, effectiveness, and adverse side-effects of any pain medication" and "[t]reatment, other than medication, for relief of pain." Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc). The ALJ found 1) Anzallo's daily activities include shopping, light cooking, walking the dog, driving, visiting friends, watching television, and sitting up to six hours per day in a recliner, Fair, 885 F.2d at 604 (ALJ entitled to disbelieve pain testimony where claimant remained capable of caring for personal needs, performing routine household chores, shopping, riding public transportation and driving); 2) the pain is significantly reduced by nonprescription medication, and a "TENS" unit prescribed by his chiropractor, Bunnell, 947 F.2d at 346, and 3) Anzallo's pain is due in part to obesity and he has been "poorly compliant" with doctors' efforts to get him to lose weight, Fair, 885 F.2d at 604 (Unexplained refusal to follow doctors' recommendation to lose weight for relief of back pain relevant to evaluation of pain testimony). The ALJ committed no error in rejecting Anzallo's testimony.
 
 
 3
 B. Failure to Investigate Mental Causes of Physical Pain
 
 
 4
 Social Security Ruling (SSR) 88-13 requires investigation of a possible mental impairment when the record contains no medical signs or findings of a physical impairment capable of producing the alleged pain. Here, however, there are specific physical impairments causally related to the alleged pain. The ALJ simply found that despite these diagnoses, the pain was not disabling. There was no obligation under SSR 88-13 to conduct any further investigation into possible causes of the pain.
 
 
 5
 C. Failure to Consider the Impact of Obesity
 
 
 6
 The ALJ must consider obesity "as a factor contributing to [the claimant's] disability, Hammock v. Bowen, 879 F.2d 498, 504 (9th Cir.1989), unless he makes a "preliminary finding that the obesity was ... remediable." Dodrill v. Shalala, No. 92-35445, slip op. 14537, 14544 (9th Cir. December 28, 1993). At the same time, "[a] claimant won't be found disabled if [he] refuses to follow prescribed medical treatment without good reason." Id. Although several doctors reported obesity as a significant cause of Anzallo's symptoms, Dr. Parsons, Anzallo's "primary care physician," reported Anzallo has been "poorly compliant" with doctors' weight loss recommendations. Anzallo has offered no explanation for this noncompliance. Under these circumstances, the ALJ was entitled to conclude the weight problem weakens rather than strengthens the disability claim because it is a "reasonably remediable" cause of Anzallo's symptoms. Dodrill, slip op. at 14544. cf. Magallanes, 881 F.2d at 751 (Treating physician's assessment given great weight); compare Dodrill, slip op. at 14544 (Preliminary finding of remediability inadequate where ALJ relied "only on the fact that Dodrill had lost weight in the past."); Hammock, 979 F.2d at 503 (ALJ assumed obesity in general is remediable without examining the medical conditions and personal circumstances relevant to whether claimant could reasonably remedy the obesity.).
 
 
 7
 Assuming the obesity is not remediable, it still does not cast doubt on the ALJ's finding of no disability. The ALJ justifiably concluded that because Anzallo is able to perform a variety of routine, daily activities and nonprescription medications are effective in alleviating the worst of his symptoms, he is able to perform light work despite his obesity and other physical impairments.
 
 D. Sufficiency of Hypothetical Question
 
 8
 "Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant," unless the ALJ has legitimate reasons for finding those limitations do not exist. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988). The ALJ's hypothetical question was proper even though it did not include the testimony of Anzallo's wife that "for years ... off and on," she has had to help him dress in the mornings. Anzallo's wife never testified she had to help him perform the job-related tasks included in the hypothetical, and there was sufficient evidence to support the ALJ's conclusion that Anzallo could perform independently any movements necessary to getting dressed (such as crouching or reaching) that are also included in the hypothetical.
 
 II. Mental Disability
 
 9
 The claimant has the burden of proving he is unable to work because of "anatomical, physiological or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory techniques." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir.1987). To meet this burden, the claimant must present objective medical evidence of a disabling condition. Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir.1985).
 
 
 10
 Anzallo failed to carry this burden. First, he presented no objective medical evidence that he has dyslexia. He admitted at the hearing that the condition has never been diagnosed and that he "more or less came to [the] conclusion" on his own that he suffers from it. Dr. Vampa, Anzallo's chiropractor, also opined Anzallo might be dyslexic, but the ALJ was entitled to reject this opinion because a chiropractor is not an "acceptable medical source" of evidence, 20 C.F.R. Sec. 404.1513, and the opinion was based on Anzallo's subjective complaints about his symptoms. Fair, 885 F.2d at 605 (ALJ entitled to discount a treating physician's assessment that is premised to a large extent on claimant's own account of his symptoms and limitations). The testimony of Anzallo's wife that she has often helped him type documents and prepare for written tests also fails to qualify as acceptable medical evidence of a learning disorder.
 
 
 11
 Second, there was evidence indicating any reading or learning disorder Anzallo might have is not disabling. He completed the tenth grade and received vocational training from the National Tech and National Institute. After an industrial injury in 1970, he took a six-month course for an FCC license. He passed the FCC license exam on the second attempt. He has also taken a course in television repair and digit analogy. In performing past work, he was required to read production schedules, which he admitted he could "read enough to understand." There is no evidence any of Anzallo's reading difficulties have worsened since he performed these activities, Gregory v. Bowen, 844 F.2d 664, 667 (9th Cir.1988) (impairment not disabling if claimant able to work despite the condition and there is no evidence of deterioration, and he has never sought treatment for the condition.) Fair, 885 F.2d at 603-04 (lack of treatment may refute allegations of disabling condition).
 
 III. Other Contentions
 
 12
 Our resolution of Anzallo's claim that the ALJ failed to consider the effects of his dyslexia also disposes of his argument that "by failing to consider the consequences of the dyslexia, the Secretary failed to consider the combined impact of all impairments, without regard to whether any single impairments, considered separately, would be considered severe."
 
 
 13
 We also reject Anzallo's two additional arguments raised for the first time in his reply brief. First, the ALJ could not have "improperly interject[ed] his own medical opinion concerning the seriousness of [Anzallo's dyslexia]" since Anzallo presented no medical evidence that he has dyslexia. Second, the ALJ did not violate his duty to "fully develop the record" by refusing to order an additional medical examination to determine whether Anzallo suffers from dyslexia. Two hearings were conducted; as Anzallo points out, the administrative record is 333 pages long. Anzallo cites no authority requiring the ALJ to order further examination of a disorder where the claimant has already undergone many examinations but offers no medical evidence that the disorder exists.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not restate them here