35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James HINTZ, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-15054.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1994.*
Decided Aug. 31, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Hintz filed applications for disability insurance and supplemental security income ("SSI") benefits on May 24, 1989, alleging that he had become disabled on November 3, 1988 as a result of back and throat injuries sustained in a car accident. After initially being denied benefits, Hintz filed a request for a hearing by an administrative law judge ("ALJ"). The ALJ found that Hintz was not disabled because his impairments did not prevent him from performing his past relevant work. The district court affirmed the ALJ's decision, and Hintz appealed. We affirm.
 
 
 3
 On November 3, 1988, James Hintz suffered a crushed larynx as a result of a motor vehicle accident in Wichita, Kansas. Over the next month, he had a series of operations in which his larynx was reconstructed. Upon Hintz's discharge from the Pratt Regional Medical Center in Wichita, his doctor, Glen R. Kubina, M.D., reported that Hintz's voice was mildly weak, but was very good considering the extent of his injury.
 
 
 4
 Shortly thereafter, Hintz moved to Arizona, where he received follow-up care at the Veterans Administration Medical Center in Phoenix. On December 19, 1988, x-rays taken after Hintz complained of lower back pain and difficulty walking showed a burst fracture in the lumbar spine at the L1 level. The examining physician prescribed physical therapy and medication, and estimated that Hintz could return to work by April 6, 1989.
 
 
 5
 Hintz continued to receive treatment for his back pain through the Maricopa Medical Center in Phoenix. An x-ray taken April 11, 1989 showed an "L1 burst fracture with approximate 40% collapse." The examining physician noted that Hintz's "persistent back pain" indicated "probable impingement of root at foramina." A computerized tomography ("CT") scan showed an old, healed compression fracture and ossific spurring at the "T12-L1 interverbral disc space encroaching on anterior aspect of spinal canal." Hintz was instructed to wear a back brace and prescribed anti-inflammatory drugs. In addition, Hintz underwent physical therapy from August through September 1989.
 
 
 6
 Hintz applied for disability insurance and SSI benefits on May 24, 1989. After his applications were denied, Hintz requested an administrative hearing. Prior to his hearing, Hintz underwent a consultative physical evaluation, requested by the state and performed by Dr. Wayne Broky.
 
 
 7
 In his disability report on Hintz, Dr. Broky stated that,
 
 
 8
 [b]ased purely on the physical findings, and functional ability of the patient's spine and extremities, it seems that the patient would be able to do work equal to that or slightly lighter than that he had previously done, which was clerking. However, the patient reports that he has chronic pain and after two and a half hours of sitting this is what really bothers him and he is unable to return to his work activities for another few hours. Certainly it would interfere with his ability to keep up with the required work pace at any particular activity.
 
 
 9
 (CT 219).
 
 
 10
 At Hintz's disability hearing, the ALJ posed a hypothetical question to Thomas Mitchell, a vocational expert. The hypothetical was based purely on the physical findings of Dr. Broky. The ALJ asked the expert
 
 
 11
 to consider an individual with the same age, education, and vocational experience as [Hintz] ... [and who] can sit, stand and walk for one hour at a time before having to change position, but could perform each of these activities after a change of position for a total of four out of eight hours. The individual could frequently lift and carry weights of five pounds and occasionally 25 pounds, could occasionally bend, squat, crawl, and climb.
 
 
 12
 (CT 16). Mr. Mitchell responded that such an individual would be able to perform two of the jobs that Hintz had previously done: either as a night sergeant/security guard or a file clerk. Hintz's attorney then posed a hypothetical, using the same factors as outlined by the ALJ but adding the restriction that the chronic pain experienced by the individual would limit sitting to 2 1/2 hours a day. Mr. Mitchell responded that such a person would be unable to maintain fulltime employment.
 
 
 13
 The ALJ found that Hintz was not under a disability because he "retain[ed] the residual functional capacity to perform his past relevant work." (CT 18). Hintz subsequently sought review of the ALJ's decision by federal district court, and the district court affirmed.
 
 DISCUSSION
 
 14
 The claimant has the burden of showing the he is unable to work because of "anatomical, physiological or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory techniques." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir.1987). The claimant establishes a prima facie case of disability by showing that his impairment prevents him from performing his previous occupation. Cotton v. Bowen, 799 F.2d 1403, 1405 (9th Cir.1986). Here, the ALJ found that Hintz could perform his past relevant work and was therefore not disabled.
 
 
 15
 Hintz argues that the ALJ erred in rejecting his subjective pain testimony. As a result, Hintz claims that the ALJ (1) improperly disregarded the portions of Dr. Broky's diagnosis based on Hintz's report of severe back pain, and (2) improperly credited the vocational expert's testimony based upon the ALJ's flawed hypothetical.
 
 I. Hintz's Pain Testimony
 
 16
 An ALJ may discredit a claimant's pain testimony only if he makes specific findings that justify his decision. Gamer v. Secretary of Health & Human Serv., 815 F.2d 1275, 1279 (9th Cir.1987). Social Security Ruling 88-13 lists the factors that an ALJ must consider in determining the credibility of the claimant's disabling pain testimony:
 
 
 17
 In developing evidence of pain or other symptoms, it is essential to investigate all avenues presented that relate to subjective complaints, including the claimant's prior work record and information and observations by treating and examining physicians and third parties, regarding such matters as:
 
 
 18
 1. The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
 
 
 19
 2. Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
 
 
 20
 3. Type, dosage, effectiveness, and adverse side-effects of any pain medication;
 
 
 21
 4. Treatment, other than medication, for relief of pain;
 
 5. Functional restrictions; and
 
 22
 6. The claimant's daily activities.
 
 
 23
 SSR 88-13; see also Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc) (although SSR's do not have the force of law, deference is given to agency's interpretation of its regulations).
 
 
 24
 The ALJ found that the only physician in the record who concluded that Hintz was unable to return to work was not credible. (ER 49). In addition, the ALJ discredited Hintz's testimony regarding his back pain for the following reasons: (1) Hintz's poor work history showed that he "may not have put forth his best effort in this case;" (2) Hintz failed to follow the recommendations to exercise and lose weight, "which could help to further control his subjective symptomatology;" and (3) Hintz did not regularly take his pain medications as prescribed. (ER at 49). These are all valid considerations under SSR 88-13.
 
 
 25
 The ALJ's specific findings are supported by "such relevant evidence as reasonable minds might accept as adequate to support [the ALJ's] conclusion." Landes Const. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir.1987). Because the ALJ rejected Hintz's testimony, he also disregarded the portions of Dr. Broky's report that discussed Hintz's subjective complaints of pain, but that were not based upon any physical findings by Dr. Broky. Consequently, we find that the ALJ's decision to disregard certain portions of Dr. Broky's report was also supported by substantial evidence and is not in error.
 
 II. The Testimony of the Vocational Expert
 
 26
 A hypothetical question posed to a vocational expert in an attempt to establish whether a claimant is entitled to disability benefits need only set out those limitations and restrictions on the claimant that are substantially supported by the record. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988). As the ALJ's hypothetical was based on his specific findings crediting Dr. Broky's physical evaluation of Hintz and rejecting Hintz's subjective pain testimony, we find that the ALJ did not err in posing his hypothetical.
 
 
 27
 The judgment of the district court is AFFIRMED.
 
 PREGERSON, Circuit Judge, dissenting:
 
 28
 I dissent because I believe the ALJ erred by finding that Hintz was not disabled. The ALJ may disregard evidence of subjective pain only if the medical impairment at issue could not reasonably be expected to produce the claimed pain, 42 U.S.C. Sec. 423(d)(5)(A); Druin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir.1992). Here, it was inappropriate for the ALJ to disregard Hintz's subjective pain, to which Hintz's examining physician, Dr. Broky, gave full effect in his testimony, see CT 219, and about which Hintz himself testified. The ALJ never found that Hintz's medical impairment could not reasonably be expected to produce the claimed pain.
 
 
 29
 Nor am I persuaded by the majority's reliance on the facts that Hintz failed to lose weight, perform certain recommended exercises, and take prescribed medications. These might not have been appropriate treatment for Hintz. See, e.g., ER 16, 22 (Hintz testifying that certain of the four prescribed medications are hard on his stomach and make him feel groggy). If so, we should not penalize Hintz for picking and choosing from among the recommendations.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3