65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene TULLY, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 94-55042.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided Aug. 16, 1995.
 
 Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 Gene Tully began receiving supplemental security income ("SSI") benefits in 1974. In 1985, the Social Security Administration ("SSA") received an IRS report (the "IRS/SSI Interface") that showed seventeen savings accounts in Tully's name during 1984. The report stated that from these accounts, Tully earned $619.00 in interest during the year. This amount of interest indicated to the SSA that Tully had more resources than SSI recipients were allowed to have. The SSA determined that Tully had received SSI payments to which he was not entitled, and the SSA decided to recoup $9,584 in overpayments by deducting $5.00 per month from Tully's future SSI checks.
 
 
 3
 An Administrative Law Judge ("ALJ") initially considered Tully's case in July 1989 and affirmed the SSA. The Appeals Council vacated the decision and remanded for another hearing. The second hearing was scheduled for January 16, 1991, but it was continued until March 28 to allow Tully to secure legal representation. Tully failed to secure representation by March 28, and the hearing proceeded with Tully unrepresented. Following the second hearing, a new ALJ concluded that Tully had been overpaid from December 1984 to October 1986.[1] On February 25, 1992, the Appeals Council denied review of the second ALJ decision. That decision thus became the final decision of the Secretary of Health and Human Services (the "Secretary").
 
 
 4
 Tully appealed the Secretary's decision. On October 10, 1993, the district court granted summary judgment in favor of the Secretary. Tully timely appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 42 U.S.C. Sec. 405(g), and we affirm.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 5
 The district court's grant of summary judgment in favor of the Secretary is reviewed de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The Secretary's denial of a social security claim will be upheld unless the Secretary's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985).
 
 II. SUBSTANTIAL EVIDENCE
 
 6
 SSI recipients may not receive benefits for any month in which their resources exceed certain levels. See 20 C.F.R. Sec. 416.1205. In 1984, the limit on nonexcludable resources was $1,500; in 1985, it was $1,600; and in 1986, it was $1,700. Id. If the Secretary determines, as she did here, that payments were made when the recipient was ineligible for benefits, the Secretary is directed by statute to recover the overpayment. 42 U.S.C. Sec. 1383(b)(1); 20 C.F.R. Secs. 416.535, 416.560. The statute, however, does not specify which party bears the burden of proving overpayment, and this circuit has not yet decided the issue.[2]
 
 
 7
 We need not decide here who bears the burden of proof. Even if we assume that the Secretary bears the burden of proving overpayment, we hold that she carried her burden in this case. The Secretary's decision rested on the ALJ's factual finding that Tully had excess resources during the relevant period. The ALJ based his finding primarily on the IRS/SSI Interface and on Tully's "tacit admissions" that he had excess resources.
 
 
 8
 The IRS/SSI Interface shows that during the year 1984, Tully received $619.00 in interest income from seventeen different bank accounts. The Interface does not identify the amount of money in any of the accounts. However, for this amount of interest income to be generated from less than the statutorily allowed maximum of $1,500, the interest rate on the funds would have been over 41%. The IRS/SSI Interface thus is persuasive evidence that during 1984, Tully did indeed have excess funds, rendering him ineligible for SSI benefits.
 
 
 9
 Further, Tully's own testimony also suggests that he had excess funds, possibly as late as May 1986. For example, he testified that at some time, he did have approximately $9,500 in savings accounts. He appears to claim that he had that amount of savings in early 1984, but states that in June or July 1984, "I started downgrading the money in my account" in an attempt to find work and get off SSI. Thus, "by May of 1986, ... [a]t the beginning of the month, [I] was still, I think, a little bit over the $1500.00 maximum." Although Tully did deny having $9,500 during the relevant period, he never expressly denied that at least until May 1986, he had some amount of excess funds.
 
 
 10
 We find that the foregoing evidence provided a sufficient basis for the Secretary's decision.
 
 III. REMAND IS NOT WARRANTED
 
 11
 Tully urges us to remand the case so that the Secretary may subpoena and consider his bank records. He claims that remand is appropriate due to his lack of counsel during the administrative hearings. Tully is correct that:
 
 
 12
 where the claimant is not represented, it is incumbent upon the ALJ "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." He must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited."
 
 
 13
 Cox v. Califano, 587 F.2d 988, 991 (9th Cir.1978) (citations omitted).[3] By failing to subpoena the bank records, Tully claims, the ALJ failed in his duty to develop the record "scrupulously and conscientiously."
 
 
 14
 The ALJ's failure to subpoena the records does not warrant remand, however, unless Tully can "demonstrate prejudice or unfairness in the administrative proceedings" as a result. See Hall v. Secretary of Health, Educ. & Welfare, 602 F.2d 1372, 1378 (9th Cir.1979). Tully has not done so. He has never expressly asserted that the bank documents would support his position by demonstrating that he did not have excess funds during the relevant period. Indeed, his testimony before the ALJ suggests the opposite. For example, when the ALJ offered to subpoena the documents, he noted, "I cannot guarantee that we are going to get the results we want," and Tully responded, "No. That's what I'm afraid of too." At oral argument, Tully's counsel stated that Tully's contention is that the bank records would show that he did not have excess funds, but counsel conceded that Tully never made such an assertion "in so many words," and that Tully does not really know what the bank records will show.
 
 
 15
 In the absence of any showing of prejudice--even though Tully is now represented by counsel--we hold that remand is not warranted. See Hall, 602 F.2d at 1378 (prejudice from lack of counsel "is not demonstrated by merely speculative eventualities"); Heisner v. Secretary of Health, Educ. & Welfare, 538 F.2d 1329, 1332 (8th Cir.1976) (counsel's "hope of finding more dispositive evidence" if the case is remanded for further development of the record is insufficient to demonstrate prejudice), cited in Hall, 602 F.2d at 1378.
 
 IV. DUE PROCESS CLAIM
 
 16
 Tully argues that the Secretary violated his procedural due process rights by requiring him--an indigent, pro se claimant--to bear the burden of proving overpayment. As explained above, however, we assume that the Secretary bears the burden of proving overpayment, and we hold that she did so in this case. Accordingly, Tully's due process argument must fail.
 
 CONCLUSION
 
 17
 We affirm the district court's grant of summary judgment in favor of the Secretary.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with Sec. 106(d) of P.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security, should be substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ALJ also ruled that Tully was not "without fault" for the overpayment, and therefore the ALJ did not waive recovery of the overpayment. See 20 C.F.R. Sec. 416.552. Tully does not appeal this ruling
 
 
 [2]
 Two other circuits and one district court within our circuit have concluded that the Secretary bears the burden of proving overpayment. See Cannuni ex rel. Cannuni v. Schweiker, 740 F.2d 260, 263 (3d Cir.1984); United States v. Smith, 482 F.2d 1120, 1124 (8th Cir.1973); McCarthy v. Bowen, 668 F.Supp. 1439, 1441-42 (D.Or.1987)
 
 
 [3]
 Tully argues that the ALJ improperly found that Tully had waived his right to counsel. The real issue, however, is not waiver, but is whether, in the absence of representation, the ALJ met his "heavy burden" of independently developing the record. See Vidal v. Harris, 637 F.2d 710, 714 (9th Cir.1981)