78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack M. BUTTS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
** Defendant-Appellee.
 No. 94-36104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1996.*
Decided March 8, 1996.
 
 1
 Before: HALL and TROTT, Circuit Judges, and RAFEEDIE, District Judge.***
 
 MEMORANDUM
 STATEMENT OF FACTS
 
 2
 Jack Butts appeals from the Secretary's final administrative decision denying his application for disability insurance benefits and Supplemental Security Income benefits based on disability. After a hearing held on May 14, 1992, the Administrative Law Judge ("ALJ") denied the application on the basis that Butts was able to perform his past relevant work as a saw mill laborer and, thus, was not under a disability at any time through the date of the ALJ's decision. The Appeals Council adopted this decision, making it the Secretary's final decision. See 20 C.F.R. §§ 404.981, 416.1481. The district court granted the Secretary's motion for summary judgment, thereby affirming the final administrative decision. This appeal followed.
 
 ANALYSIS
 
 3
 A claimant has the burden of proving that he is disabled. Ray v. Bowen, 813 F.2d 914, 915 (9th Cir.1986). If a claimant can still perform the work he has done in the past, despite severe physical or mental impairments, he must be found not disabled. Id.
 
 
 4
 Substantial evidence supports the ALJ's finding that Butts could perform his past relevant work at the saw mill. The record clearly shows that Butts did not meet his burden of proving that he cannot perform his past relevant work. During the hearing, Butts described this job at a saw mill as a sweeper and repeatedly stated that he still had the physical capacity to perform his past job.[1]
 
 
 5
 Butts further argues that the ALJ's decision was in error because there was no evidence that his past job as a laborer at the saw mill existed in significant numbers in the national economy. However, "[i]f the claimant is in sufficient physical and mental condition to perform his previous work, his impairment is clearly not so severe as to preclude employment," even if that work is no longer available to him. Han v. Bowen, 882 F.2d 1453, 1456-58 (9th Cir.1989).
 
 
 6
 Butts also asserts that the ALJ failed to fulfill his duty to develop and complete the record by requiring a heart and lung evaluation. However, the ALJ's duty to develop the record and order a consultative examination is discretionary. Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir.1991). Generally, the ALJ need only obtain further information when the record does not contain sufficient medical evidence of the impairment. 20 C.F.R. § 416.917 (1993). The ALJ need not order a consultative examination of a condition when there is no objective medical evidence that the claimant suffers from the particular condition, as was the case here. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 778 (10th Cir.1990).
 
 
 7
 Next, Butts argues that the ALJ erred by failing to discuss in his decision a letter from the Personnel Services Supervisor for his former employer which states that Butts has been physically unable to do any job at his work since May of 1991, and a statement from his treating physician that it is his impression that the Butts is unable to continue in his current capacity.
 
 
 8
 The Secretary must make fairly detailed findings to support her determination. Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir.1984). The Secretary need not discuss all the evidence, but must explain why significant, probative evidence is rejected. Id. at 1395.
 
 
 9
 The ALJ's failure to discuss the letter from the appellant's employer was not a reversible error because the contents of this letter are not inconsistent with the ALJ's finding that Butts could perform his past job as a saw mill laborer, which was eliminated prior to May 1991. Similarly, the ALJ's failure to discuss the treating physician's statement was not a reversible error given that the statement was not necessarily inconsistent with the ALJ's finding that Butts could perform his past job. If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984).
 
 
 10
 We also reject the argument that the ALJ erred by failing to explain how the description of Butts' daily activities were inconsistent with his allegations of pain. The record reflects that there was no pain testimony offered by Butts to the effect that the pain rendered him disabled. Rather, Butts testified that, despite his pains, he could still perform his past work at the mill. Therefore, the ALJ's failure to directly link the daily activities to his job as a sweeper at the mill did not constitute reversible error.
 
 Conclusion
 
 11
 We affirm the district court's grant of summary judgment, as the undisputed facts show that the Secretary's finding that Butts was still capable of performing his past relevant work was supported by substantial evidence in the record.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Shirley S. Chater, Commissioner of Social Security, substituted for Donna E. Shalala, Secretary of Health and Human Services, pursuant to Pub.L. No. 103-296 and Fed.R.App.P. 43(c)(1)
 
 
 ***
 The Honorable Edward Rafeedie, United States District Court Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by Ninth Circuit Rule 36-3
 
 
 [1]
 Butts argues that the ALJ erred in relying on his testimony that he could perform his past work and cites to Veal v. Califano, 610 F.2d 495, 498 (8th Cir.1979). However, Veal is inapposite in that the appellant in that case was making a claim for benefits based on alcoholism, where the test is whether the claimant has lost his self control to the extent that he is impotent to seek rehabilitation. In the absence of the power to control alcoholism, the Veal court held that this statement was most likely the rationalization of a sick individual. Id. In contrast, Butts was not applying for benefits on the basis of alcoholism or any mental illnesses which may have diminished his ability to rationalize