Gerald **CHADWICK**, Plaintiff–
Appellant,

v.

Larry G. **MASSANARI**,* Acting Commissioner, Social Security Administration, Defendant–Appellee.

No. 00–35489.
D.C. No. CV–99–6051–HJF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Oct. 5, 2001.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

* Larry G. Massanari, Acting Commissioner of the Social Security Administration, is submitted for his predecessor pursuant to Fed. R.App. P. 43(c)(2).

Before THOMPSON, TASHIMA, and
GRABER, Circuit Judges.

## MEMORANDUM **

Gerald Chadwick appeals the district court's order affirming the Commissioner's denial of his application for Social Security Disability Insurance Benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.[1]

We review a district court's decision upholding the Commissioner's denial of benefits de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir.2000). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).

■ Where, as in this case, medical evidence establishes "an objective basis for some degree of pain and related symptoms" and there is "no evidence affirmatively suggesting that the claimant was malingering," the Commissioner must give "clear and convincing" reasons supported by specific findings for rejecting the claimant's pain testimony. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993). This standard applies to all "subjective symptom" testimony by the claimant, not just to pain testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). Furthermore, the ALJ cannot meet this standard by making only general findings; "he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 918.

In this case, the ALJ made a general statement that Chadwick's testimony "concerning his impairments and their impact on his ability to work" was only partially credible but made no reference to Chadwick's testimony regarding his back pain and right hand impairment. The only testimony that the ALJ discussed in connection with his credibility finding related to Chadwick's alleged "war dreams," his breathing disorder, and his alleged arm and leg impairments.

■ Although there is adequate evidence in the record to support the ALJ's credibility finding, a reviewing court can affirm an administrative agency decision only on grounds that the agency itself relied upon. *Vista Hill Found. v. Heckler*, 767 F.2d 556, 559 (9th Cir.1985). Therefore, because the ALJ failed both (1) to identify any of the specific testimony Chadwick gave about his back pain or the limitations with his right hand that he was discounting, and (2) to provide "clear and convincing" reasons for discounting this testimony, we conclude that the ALJ's discussion was insufficient to reject the claimant's testimony.

■ The claimant also argues that the ALJ improperly rejected the testimony of Tamara Chadwick. Here we conclude that the ALJ did not err. An ALJ's reasons for rejecting lay witness testimony need only be "germane" to the particular witness' testimony. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). Tamara Chadwick's testimony was often vague, speculative, or about peripheral matters, and the ALJ gave sufficient reasons for rejecting the only significantly probative portion of her testimony. Therefore, the ALJ properly discounted her testimony.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts; thus, we do not recite them in any detail.

712

We also conclude that the ALJ did not err by failing to take into account that Chadwick's skills were allegedly outdated in determining that he could perform his past relevant work. "Obsolescence of skills" is not to be considered in determining whether a claimant can perform past relevant work. *See Ray v. Bowen*, 813 F.2d 914 (9th Cir.1987). Moreover, the Social Security Act requires that inability to engage in substantial gainful employment must be by reason of some " 'medically determinable physical or mental impairment....' " *Id.* (quoting 42 U.S.C. § 423(d)(1)(A)). Therefore, the outdated nature of Chadwick's skills cannot be a basis for a disability finding, and the ALJ's decision not to consider them in determining whether Chadwick could perform past relevant work was proper.

In conclusion, because the ALJ erred in not supporting his discounting of Chadwick's testimony regarding his back pain and right hand impairment with clear and convincing reasons, we reverse and remand the district court's decision with directions that it further remand the case to the ALJ for further proceedings.

REVERSED and REMANDED.