**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

JOSEPH SCOTT STREEPY,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 19-15628

D.C. No. 2:17-cv-02435-EFB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted December 8, 2020**
San Francisco, California

Before: LUCERO,*** W. FLETCHER, and IKUTA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Carlos F. Lucero, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Joseph Streepy appeals the district court's grant of summary judgment in favor of the Commissioner of Social Security. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Substantial evidence supports the finding of the Administrative Law Judge (ALJ) that Streepy has the residual functional capacity (RFC) to perform light work, because several examining and reviewing doctors concluded that Streepy could perform at least light work, and no doctor determined that Streepy had functional impairments preventing him from performing such work. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ's finding that Streepy can perform the past relevant work of an insurance agent is also supported by substantial evidence. A vocational expert testified that a person with Streepy's characteristics and RFC can perform that work, *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019), and for purposes of a disability determination, the obsolescence of Streepy's skills in the insurance business does not prevent him from performing that work, *see Ray v. Bowen*, 813 F.2d 914, 917 (9th Cir. 1987) (holding that "atrophy of skills does not prevent one from performing past work for disability purposes"); 42 U.S.C. § 423(d)(1)(A).

The ALJ properly followed the relevant regulations in determining that Streepy's mental impairments were nonsevere, and substantial evidence supports

that finding, including reports of Streepy's daily activities, as well as medical reports and lay-person testimony. *See* 20 C.F.R. § 404.1520a; *Keyser v. Comm'r*, 648 F.3d 721, 725 (9th Cir. 2011).

The ALJ did not err by giving little weight to statements from Streepy's wife, because the ALJ gave germane reasons for discounting her testimony, which was inconsistent with the medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Nor did the ALJ err by failing to develop the record. Streepy did not support his claim that there are missing psychiatric records, and the record before the ALJ was sufficient for proper evaluation of the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

Finally, the ALJ did not err by finding that Streepy's testimony about the severity of his symptoms was inconsistent with the medical records. The ALJ performed the correct two-step process for determining whether the evidence supports a claimant's subjective testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).

**AFFIRMED.**