James R. ODLE, Plaintiff-Appellant,

v.

Margaret .H. HECKLER,* Secretary of Health and Human Services, Defendant-Appellee.

No. 81–4227.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1982.

Decided June 3, 1983.

Lois E. Strain, Visalia, Cal., for plaintiff-appellant.

Gary L. Floerchinger, Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

* Pursuant to Fed.R.App.P. 43(c)(1), we substitute the name Margaret H. Heckler, successor to the original appellee Patricia Roberts Harris, as the Secretary of Health and Human Services.

Before GOODWIN, SNEED, and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The Supreme Court has just announced its decision in *Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 76 L.Ed.2d 66, (1983) which we conclude controls here.

In *Campbell,* the claimant applied for disability benefits because of a poor back and hypertension. Ms. Campbell was denied benefits and then requested a hearing pursuant to the statutory provision. 42 U.S.C. § 405(b). The Administrative Law Judge received testimony and documentary medical evidence and determined Campbell was unable to perform her past work of a hotel maid, but retained the physical capacity to do light work. The ALJ then made findings of Ms. Campbell's age, education, and the nature of her prior employment. Applying the medical-vocational guidelines (20 CFR pt. 404, subpt. P, app. 2), the judge found jobs existed that a person with Campbell's qualifications could perform and concluded she was not disabled.

Odle challenged the regulations on the same grounds rejected in *Campbell.* The ALJ made findings after hearing testimony from both claimant and his wife and receiving into evidence medical reports and other exhibits. The ALJ found Odle to be 42 years old in 1979, had at least a "limited education"—citing three different sources with ninth grade, tenth grade, and four years of high school completed, respectively, and Odle's prior work experience of farm work as a foreman and cotton ginner to be "semi-skilled," heavy work. Exhibit I, HEW Transcript, 7–79–318–CIV, pp. 12–18, Decision in the Case of James R. Odle, May 22, 1979, p. 6.

The "Decision" discusses the impairments under which appellant suffers in light of the medical evidence before him. The exertional impairments included osteomyelitis in several of his ribs, osteoarthritis in the left knee, and a peptic ulcer. Each was considered, the treatment involved, and the current condition of Mr. Odle in light of the malady. Medical evidence existed to establish appellant had a "fair response" with antibiotics to his rib condition, the swelling of his left knee subsided, and control of that pain was satisfactory. Hypertension and the peptic ulcer were controlled with drugs and antacids, respectively.

Non-exertional impairments included deafness, dizziness, and drug dependence. A hearing aid returned hearing to within "almost normal limits." Dizziness problems remained to some extent and were likely to be recurrent. Drug abuse was satisfactorily controlled through a treatment program. These impairments were found not to significantly limit Odle's exertional capabilities.

There is substantial evidence in support of these conclusions. Though this circuit has precedent requiring the enunciation of "specific jobs" for which the claimant is physically capable of performing,[1] *Campbell* expressly rejected the necessity of this finding in circumstances where the "grids" apply. —— U.S. at ——, 103 S.Ct. at 1958.

Odle's other claims and arguments were either not raised below or have no merit.

Accordingly, the final decision of the Secretary denying Odle disability insurance benefits and supplemental social security insurance benefits is

AFFIRMED.

Each party will bear his own costs on appeal.

---

1. *Hall v. Secretary of Health, Education & Welfare,* 602 F.2d 1372, 1377 (9th Cir.1979).

   The Second Circuit and four other circuits also had case law requiring a finding of specific alternate jobs the claimant was capable of performing. *Decker v. Harris,* 647 F.2d 291, 294 (2d Cir.1981); *Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir.1979); *Hephner v. Mathews,* 574 F.2d 359, 363 (6th Cir.1978); *Taylor v. Weinberger,* 512 F.2d 664, 665, 666 (4th Cir.1975); and *Hernandez v. Weinberger,* 493 F.2d 1120, 1122 (1st Cir.1974).