38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Katie BUTCHER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3873.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 Katie Butcher appeals the district court's judgment affirming the Secretary of Health and Human Services' denial of disability insurance benefits. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 Butcher was born on February 24, 1947. She completed the seventh grade, and subsequently received a cosmetologist's license in 1976. In January 1985, Butcher was laid off from her job as an assembler and did not seek other employment. Her insured status expired on June 30, 1988.
 
 
 3
 Claiming disability beginning on October 17, 1987, and caused by osteomyelitis in her left foot, high blood pressure, and the residual effects of hidradenitis suppurative surgeries, Butcher applied for benefits on January 10, 1990. After her application was denied both initially and on reconsideration, Butcher requested a hearing before an administrative law judge, which was held on March 4, 1991. On October 21, the judge ruled that Butcher was not disabled within the meaning of the Social Security Act because she retained the ability to perform a significant number of sedentary jobs. Following the Appeals Council's denial of Butcher's request for review, the administrative law judge's decision became the Secretary's final decision in this matter. Butcher then sought judicial review. On June 30, 1993, the district court upheld the Secretary's decision. This timely appeal followed.
 
 
 4
 The term disability is defined by 42 U.S.C. Sec. 423(d)(1)(A) as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Additionally, 42 U.S.C. Sec. 423(d)(2)(A) provides that:
 
 
 5
 [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.
 
 
 6
 As this Court has previously held, we "must affirm the Secretary's decision if it is based on this legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987). Substantial evidence, moreover, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 7
 Butcher argues initially that the Secretary erred in evaluating her subjective complaints of severe and disabling pain. Specifically, Butcher maintains that the Secretary did not adequately consider, as required by Social Security Ruling 88-13, at 90 (Cum.Ed.1988), whether she suffered from a medically determinable physical impairment that could reasonably be expected to produce the pain that she alleged. In addition, Butcher contends that the Secretary erroneously failed to explore the possibility of a mental impairment as the basis for her pain. We disagree.
 
 
 8
 At the outset, although Butcher makes passing reference in her brief on appeal to conditions other than foot pain, she does not point to any evidence in the record implying that these impairments caused her disabling pain before the expiration of her insured status on June 30, 1988. Accordingly, we believe that the Secretary properly found Butcher was not disabled due to pain caused by these other conditions. See Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 214 (6th Cir.1986) (claimant bears the burden of providing detailed medical evidence that enables the Secretary to make an informed determination on the issue of disability). With respect to Butcher's complaints of disabling foot pain, Ruling 88-13 requires that the factfinder consider both objective and subjective evidence of a claimant's allegations of pain. Here, there is ample support for the Secretary's conclusion that the objective medical evidence did not support Butcher's claim. Although a January 1991 biopsy of her left fifth toe did confirm an osteomyelitic process at that time, this is not proof that Butcher suffered from the same condition before the expiration of her insured status. Even if she did, moreover, that alone does not suggest that Butcher suffered from so much foot pain that she was unable to perform even sedentary work. See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir.1983) (claimant not disabled despite osteomyelitis in several ribs, osteoarthritis in the left knee, and a peptic ulcer). The Secretary's position is further supported by the fact that the treatments Butcher received for her condition were effective. In April 1988, for example, one month after Butcher had bilateral axillary hidradenitis suppurative tissue and left foot chronic inflammatory tissue excised, Dr. Avva observed that she was "doing well with no complaints." Similarly, in December 1989, Dr. Moysaenko noted that the cellulitis on Butcher's left leg had "healed up beautifully" as a result of treatment. No physician, furthermore, concluded during the relevant period that Butcher suffered from disabling foot pain, and her own testimony--that she treated her pain with only mild medication such as Motrin and that she could lift twenty pounds at a time--belies her allegations of such pain prior to the expiration of her insured status.
 
 
 9
 Substantial evidence also supports the Secretary's conclusion that Butcher did not suffer from disabling pain as the result of a mental impairment. Notably, Butcher herself testified that she began experiencing crying spells and taking anti-anxiety medication when necessary only in 1989, one year after the expiration of her insured status. Dr. Plumb, the first physician to recommend that Butcher undergo a psychological assessment, likewise did not do so until March 1991, after noting that Butcher had demonstrated depressive signs and symptoms during a recent visit. Given these facts and Butcher's burden to prove that she was disabled within the meaning of the Act prior to June 30, 1988, we find Butcher's argument that the Secretary should have further developed the record regarding Butcher's alleged mental impairment without merit. Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990) (claimant bears ultimate burden to prove existence of disability).
 
 
 10
 Butcher argues next that the Secretary failed to give the proper weight to the opinions of three of her treating physicians who opined that she was disabled. Although this Court has indeed made clear that the opinion of a treating physician is entitled to great weight, we have also noted that such an opinion is not binding if contradicted by substantial evidence. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987). The ultimate determination as to whether an applicant is disabled is to be made by the Secretary, on the basis of the entire record. Id. Here, most importantly, Drs. Wunderlich, Buffington, and Plumb did not suggest that Butcher was disabled until March 1991, over two and one-half years after the expiration of her insured status. To the extent that their findings of disability may have related back to the relevant period, moreover, we find substantial evidence supporting the Secretary's conclusion that these opinions contradicted the contemporaneous evidence. As just one example, Dr. Plumb suggested in April 1990 that Butcher's past work in a standing-dependent position would exacerbate her problems with recurrent soft-tissue cellulitis, but deferred to the recommendations of Drs. Delcamp and Moysaenko regarding Butcher's actual functional restrictions. Dr. Delcamp, in turn, did not preclude Butcher from performing essentially seated work. Thus, the Secretary properly discounted Dr. Plumb's March 1991 statement that Butcher was disabled because it was inconsistent with his own earlier deference to the finding that she was not in fact unable to perform sedentary tasks.
 
 
 11
 Finally, Butcher maintains that the pain from which she suffered constituted a nonexertional factor that limited the range of jobs she could perform. Accordingly, Butcher contends that the Secretary erred in failing to obtain the testimony of a vocational expert, and in relying instead on the Medical-Vocational Guidelines to identify work that Butcher could perform given her residual functional capacity and her vocational profile. We are not persuaded.
 
 
 12
 The Secretary may rely on the Medical-Vocational Guidelines to demonstrate the availability of appropriate jobs if a claimant's limitations are exertional, or if a claimant has nonexertional limitations that do not significantly limit her ability to perform a full range of work at a specific exertional level. Abbott v. Sullivan, 905 F.2d 918, 926-27 (6th Cir.1990). This Court has recognized that pain is generally considered an exertional factor. See Cole v. Secretary of Health and Human Services, 820 F.2d 768, 772 nn. 1-2 (6th Cir.1987) (pain is not a nonexertional limitation that precludes use of the guidelines). The claimant, furthermore, retains the burden of demonstrating that she is unable to perform the appropriate jobs identified by the Secretary. 20 C.F.R. pt. 404, subpt. P, app. 2, Sec. 200.00(a) (1993) (claimant may present evidence to rebut Secretary's findings of fact with respect to claimant's vocational factors and residual functional capacity); Johnson v. Heckler, 741 F.2d 948, 952 (7th Cir.1984) (noting claimant's right to offer evidence that the guidelines do not apply to him or her). Here, based on a finding that Butcher was a younger individual with limited education and unskilled past work experience who could perform a full range of sedentary work, the Secretary applied the guidelines and concluded that Butcher was able to perform a significant number of sedentary jobs. Butcher, in turn, did not demonstrate that she was unable to perform any of these jobs in particular, that she suffered from nonexertional pain, or that her alleged nonexertional pain significantly affected her ability to perform a full range of sedentary work. Accordingly, we believe that the Secretary was not precluded from applying the guidelines, and was not required to introduce the testimony of a vocational expert.
 
 
 13
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation