87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ashok B. JHAVERI, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-15669.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1996.**
Decided June 21, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Ashok B. Jhaveri appeals the denial of his application for disability insurance and supplemental security income benefits. In light of the substantial record evidence supporting the Commissioner's decision, we affirm.
 
 
 3
 The facts and evidence in this case are adequately described in the Administrative Law Judge's ("ALJ") 9-page opinion, dated September 22, 1993, and in the 12-page report of the magistrate to the district judge, dated February 28, 1994. Rather than reiterate, we move directly to Jhaveri's arguments on appeal.
 
 
 4
 Our review is de novo. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989) (en banc). It is also limited, as we must affirm the denial of benefits if substantial evidence supports the decision and no legal errors were committed. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995).
 
 A.
 
 5
 Jhaveri argues first that he must be found disabled because his impairments meet or equal the requirements of 20 C.F.R. Pt. 404, Subpt. P, App. 1. The argument lacks merit.
 
 
 6
 As to his purported neurological problems, only the opinion of one neurologist (Dr. Sugarman) out of seven who examined him supports a claim of neurological abnormality. The opinion of Dr. Guerra, Jhaveri's treating physician, was not entitled to much weight: Dr. Guerra is an internist, not a neurologist, and his diagnosis of a seizure disorder was controverted by the opinions of several neurologists. See Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir.1996); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Finally, the ALJ was not bound by state disability reports where such reports were brief and conclusory, and unsupported by any objective findings. See Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986) (per curiam).
 
 
 7
 As to Jhaveri's diabetes, substantial evidence shows that the condition is controlled with medication and is therefore not disabling. See Montijo v. Secretary of HHS, 729 F.2d 599, 600 (9th Cir.1984); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir.1983). There is also no evidence to show that Jhaveri's vision problems and neuropathy reflect end-organ damage caused by diabetes mellitus within the meaning of § 9.08 of the listing. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.08.
 
 
 8
 As to Jhaveri's claims of cardiac disease, multiple cardiac tests yielded normal results, while only one test, reported by Dr. Santos in September 1992, yielded an abnormal result. That report, however, offered only a general description of possible causes of the anomaly, without specifically discussing its causes in Jhaveri's case. Therefore, the ALJ did not err by not relying on it. See Magallanes, 881 F.2d at 750.
 
 
 9
 As to Jhaveri's claims of functional restrictions due to degenerative changes of the cervical and lumbar spine, the evidence does not support such restrictions. Jhaveri's treating physician opined that he was able to "sit, stand and walk on an unlimited basis" and to lift 25-pound objects "repeatedly and frequently," an opinion corroborated by other doctors. The absence in the record of a doctor's recommendation that Jhaveri's movements be restricted refutes his claim of disability. See Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir.1985).
 
 
 10
 Nor do Jhaveri's other impairments, either alone or in combination, qualify under the listing.
 
 
 11
 Jhaveri argues next that the ALJ erred in rejecting Jhaveri's subjective complaints of pain and functional restrictions. This argument is without merit. Finding no underlying objective physiological abnormalities to support many of Jhaveri's subjective complaints, the ALJ was entitled to discredit them. See Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir.1991) (en banc); Taylor, 765 F.2d at 876. The ALJ also properly supported his adverse credibility findings with several medical opinions, including that of Jhaveri's treating physician. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1996).
 
 
 12
 Jhaveri argues, again unmeritoriously, that the hypotheticals posed to the vocational expert at the hearing were inadequate. Although required to pose hypotheticals that set forth all the claimant's limitations, Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir.1988), the ALJ may exclude the subjective complaints if he makes specific findings justifying his rejection of those complaints, Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.1988). Since we have already concluded that the ALJ properly rejected Jhaveri's subjective testimony, we also conclude that he made no error in excluding those limitations from the hypothetical.
 
 
 13
 Our independent review of the record reveals a claimant with a highly exaggerated notion of his own medical condition. While there is no doubt that Jhaveri suffers from several physical problems, an award of disability benefits requires more. The dozens of consultations with specialists and diagnostic tests documented in this record consistently support the conclusion that Jhaveri's impairments are not disabling.
 
 B.
 
 14
 Jhaveri argues that the district court should have remanded based on his proffered new evidence. We review the district court's refusal to remand for an abuse of discretion. Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990). Remand is required only if the new evidence is material and there is good cause for its late introduction. 42 U.S.C. § 405(g); Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985).
 
 
 15
 Jhaveri's new evidence was not material because, being largely duplicative, it would not have changed the outcome if it had been presented at the hearing. See Booz v. Secretary of HHS, 734 F.2d 1378, 1380-81 (9th Cir.1984). Nor has Jhaveri shown good cause as to why he failed to seek the additional medical opinions earlier. See Clem, 894 F.2d at 332; Key, 754 F.2d at 1551. Therefore, the district court did not abuse its discretion in declining to remand on this basis.
 
 C.
 
 16
 Finally, we deny Jhaveri's request that we take judicial notice of a "Thallium myocardial stress and rest test," taken on June 16, 1995. Jhaveri has not supplied us with the "necessary information" (only summarizing the test results in his opening brief), as required by Fed.R.Evid. 201(d). Moreover, the test results would arguably be subject to reasonable dispute, making them inappropriate for judicial notice. See Fed.R.Evid. 201(b).
 
 
 17
 Jhaveri has failed to carry his burden of showing that his impairments disable him from returning to his previous work. We therefore affirm the grant of summary judgment in favor of the Commissioner.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this disposition for the sake of convenience
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3