**Clemente FERNANDEZ,**
**Plaintiff–Appellant,**

**v.**

**Larry G. MASSANARI,\* Acting Commissioner of the Social Security Administration, Defendant–Appellee.**

**No. 99–16761.**
**D.C. No. CV–98–01890–WBS.**

United States Court of Appeals,
Ninth Circuit.

Argued and submitted June 6, 2001.

Decided June 28, 2001.

---

\* Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

Before PREGERSON, FERGUSON, HAWKINS, Circuit Judges.

### MEMORANDUM **

Clemente Fernandez appeals the January 1997 denial of his application for supplemental security income (SSI) benefits. After his application was denied, Fernandez reapplied and was granted SSI benefits in October 1998. Fernandez appeals the 1997 denial of benefits. We affirm.

■ Fernandez first claims that the Administrative Law Judge (ALJ) did not properly credit the testimony of his treating physicians regarding his depression. Neither the ALJ nor the District Court,

however, disputed the finding that Fernandez suffered from depression. The ALJ rejected only one doctor's opinion that Fernandez "was eligible for Social Security Disability" because it was inconsistent with the doctor's finding that Fernandez's condition could be controlled by medication. A physician's opinion about whether a person should receive disability benefits is not a medical opinion. 20 C.F.R. § 404.1527(e)(1). Therefore, the ALJ did not err in disregarding the statement. Moreover, the ALJ properly found that an impairment that can reasonably be controlled by medication cannot serve as a basis for finding a disability. *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir.1983).

■ Fernandez's claim that he could not afford the medication cannot be heard on appeal because he raises it for the first time in his reply brief, and "[i]t is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir.1988) (internal quotations omitted).

■ Fernandez asked for a remand on the basis of new evidence consisting of medical reports prepared after the denial of the initial SSI application. The District Court correctly decided not to remand. Under 42 U.S.C. § 405(g), a district court may remand after a final determination if new evidence is presented that is material and there was good cause for not presenting the evidence earlier. *Melkonyan v. Sullivan*, 501 U.S. 89, 100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Fernandez meets neither of these prongs. The new evidence presented is not material because it

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

is not probative of Fernandez's condition on or before the date of the ALJ's January 27, 1997, decision. For an individual to be eligible for SSI benefits for a given month, he or she must qualify for those benefits in that month. 20 C.F.R. §§ 416.202; 416.203(b). Also, Fernandez offers no good cause as to why he failed to present the information in the medical reports earlier.

AFFIRMED.